QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California  94065
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Derek J. Tang (Bar No. 296230)
  derektang@quinnemanuel.com
50 California St., 22nd Fl.
San Francisco, California  94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for uCool, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., and Valve Corporation,<br><br>            Plaintiffs,<br><br>    v.<br><br>Lilith Games (Shanghai) Co. Ltd., and uCool, Inc.,<br><br>            Defendants. | CASE NO. 3:15-cv-04084-CRB<br><br>**DEFENDANT UCOOL, INC.'S REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Date:**          March 25, 2016<br>**Time:**          10:00 a.m.<br>**Courtroom:**  6, 17th Floor<br>**Judge:**         The Hon. Charles R. Breyer |

**REQUEST FOR JUDICIAL NOTICE**

Defendant uCool, Inc. respectfully requests that this court take judicial notice of the following documents and works pursuant to Federal Rule of Evidence 201:

1. An "Intellectual Property Transfer and Confidentiality Agreement" entered into by Valve Corporation and dated September 27, 2010.  (**Exhibit 1** to the Declaration of Michael LaFond in Support of uCool, Inc.'s Motion to Dismiss (the "LaFond Decl."))

2. An "Asset Purchase and License Agreement" entered into by Valve Corporation and dated May 24, 2010.  (**Exhibit 2** to the LaFond Decl.)

3. A "Settlement and Assignment Agreement" entered into by Blizzard Entertainment, Inc. and dated September 22, 2011. (**Exhibit 3** to the LaFond Decl.)

4. Copyright monographs, downloaded from Copyright.gov, for the following registrations asserted by Blizzard Entertainment, Inc. in Schedule A to the First Amended Complaint: TX 6-881-506, TX 6-910-360, TX 6-941-251, TX 6-943-737, TX 6-955-156, TX 6-984-959, TX 6-987-154, TX 7-042-460, TX 7-031-777, TX 7-084-279, TX 7-086-699, TX 7-059-438, TX 6-889-153, TX 6-938-392, TX 6-970-827, TX 6-851-500, TX 7-075-040, TX 7-066-185, TX 7-085-034, TX 6-995-397, TX 7-038-930, TX 6-927-200, TX 6-932-305, TX 6-971-053, TX 6-965-173, TX 6-910-348, TX 6-953-119, TX 7-038-900, TX 6-933-270, TX 7-607-222, VA 1-797-367, PA 0001787529, PAu 003573039, PA 0001887284, PA 0001867193, PA 0001829416, PA 0001687433, PAu 003447800, PA 0001146503, PA 0001225976, PA 0001711157, PA 0001806462, PA 0001333913, PA 0001932646, PA 0001611882, PA 0000822523, PA 0000875327, PA 0001072560, PA 0001082161, PA 0001225976, PA 0001247131, TX 0005984004, PA 0001951722.  (**Exhibit 4** to the LaFond Decl.)

5. The Copyright registration for DOTA 2, registered to Valve Corporation.  (**Exhibit 5** to the LaFond Decl.)

6. A printout from the Internet Archive's Wayback Machine for the URL www.thewarcenter.com/forums/index.php?showtopic=19852 as it appeared on December 12, 2004.  (**Exhibit 6** to the LaFond Decl.)

7. Blizzard Entertainment, Inc.'s Notice of Opposition and Opposition in Trademark Trial and Appeal Board Opposition No. 91202571, docketed at Document No. 1. (**Exhibit 7** to the LaFond Decl.)

8. Valve Corporation's Answer in Trademark Trial and Appeal Board Opposition No. 91202571, docketed at Document No. 4. (**Exhibit 8** to the LaFond Decl.)

9. Response of Plaintiff Valve Corporation to First Set of Interrogatories of Defendant uCool, Inc. (**Exhibit 9** to the LaFond Decl.)

10. Screen images captured from THE LORD OF THE RINGS: RETURN OF THE KING (New Line Cinema, 2003). (**Exhibit 10** to the LaFond Decl.)

11. Screen images captured from PIRATES OF THE CARIBBEAN: THE CURSE OF THE BLACK PEARL (Walt Disney Pictures, 2003). (**Exhibit 11** to the LaFond Decl.)

12. Excerpt from Jason Colativo's *Jason and the Argonauts Through the Ages* (McFarland 2014). (**Exhibit 12** to the LaFond Decl.)

13. Exhibits filed in *Games Workshop Limited v. Chapterhouse Studios LLC*, Case No. 1:10-cv-08103 (N.D. Ill. 2010), at Dkt. Nos. 213-12, 213-18, and 213-21. (**Exhibit 13** to the LaFond Decl.).

14. Article printed from the Washington Post, and available at: http://www.washingtonpost.com/sf/national/2013/09/14/the-skies-the-limits. (**Exhibit 14** to the LaFond Decl.).

15. Article printed from the Washington Post, and available at: https://www.washingtonpost.com/news/arts-and-entertainment/wp/2015/07/20/air-and-space-museum-partners-with-kickstarter-to-fund-the-display-of-neil-armstrongs-apollo-11-spacesuit/. (**Exhibit 15** to the LaFond Decl.).

16. Images of "War Chief" sprite and card from Heroes Charge, captured using an iPhone 6 on February 2, 2016. (**Exhibit 16** to the LaFond Decl.).

17. Images of "Rifleman" sprite and card from Heroes Charge, captured using an iPhone 6 on February 1, 2016. (**Exhibit 17** to the LaFond Decl.).

# ARGUMENT

## I.   Legal Standard

When ruling on a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice . . . [h]owever, in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting ... documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal citations and quotations omitted); *see also Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *4 (N.D. Cal. Oct. 25, 2013) ("[C]ourts may properly take judicial notice of material attached to the complaint . . . . If the documents are not attached to the complaint, they may be considered if their authenticity is not contested and the complaint necessarily relies on them.") (internal citations and quotations omitted).

"Judicial notice is governed by Rule 201 of the Federal Rules of Evidence." *Roe v. SFBSC Mgmt., LLC*, 2015 WL 930683, at *4 (N.D. Cal. Mar. 2, 2015). Judicial notice permits a court to accept facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Cox v. Old Republic Nat'l Title Ins. Co.*, 2016 WL 301974, at *4 (N.D. Cal. Jan. 25, 2016). In ruling on a request for judicial notice, Federal Rule of Evidence 201 states that "[t]he court . . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *See also In re Yahoo! Inc. S'holder Derivative Litig.*, 2015 WL 9319307, at *5 (N.D. Cal. Dec. 23, 2015) ("Judicial notice is mandatory if a party requests it and the court is supplied with the necessary information") (internal quotation omitted).

## II.   Exhibits 1-3

1  Exhibits 1 through 3 are properly subject to judicial notice as agreements or contracts that
2 are incorporated into the First Amended Complaint ("FAC") or upon which the FAC necessarily
3 relies. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the
4 "incorporation by reference" doctrine to situations in which the plaintiff's claim depends on the
5 contents of a document, the defendant attaches the document to its motion to dismiss, and the
6 parties do not dispute the authenticity of the document, even though the plaintiff does not
7 explicitly allege the contents of that document in the complaint"); *see also* Ex. 1, 2, 3.
8  Here, the FAC pleads that "[p]ursuant to written agreements, Blizzard and Valve
9 collectively own 100% of the copyright . . . [in] DotA." FAC ¶26. Accordingly, contracts
10 purportedly assigning ownership of rights in DotA to Blizzard and Valve are incorporated by
11 reference in the complaint and subject to judicial notice. *Knievel*, 393 F.3d at 1076. Alternatively,
12 because the FAC purports to state a claim for copyright infringement based on infringement of
13 DotA, *see* FAC ¶¶66-74 and Ex. B, and ownership of a valid copyright is a necessary element of
14 pleading copyright infringement, *see Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003),
15 then agreements assigning ownership in DotA are necessary to Plaintiffs' claim. Accordingly, for
16 this independent reason, the agreements are properly subject to judicial notice. *Knievel*, 393 F.3d
17 at 1076.

18 **III.  Exhibits 4 & 5**

19  Exhibit 5 is comprised of copyright registrations for each of the works Blizzard has
20 asserted in this matter, as downloaded from the Copyright Office Database. *See* Ex. 4. Exhibit 5
21 is the copyright registration certificate for DotA 2. *See* Ex. 5. Copyright registrations are properly
22 the subject of judicial notice as matters of public record whose accuracy can be readily
23 ascertained. *See, e.g. Disney Enterprises, Inc. v. Vuong Tran*, 2013 WL 1832563, at *2 (N.D. Cal.
24 May 1, 2013) ("The Court takes judicial notes of the copyright registration certificates"); *see also*
25 *Ricketts v. Haah*, 2013 WL 3242947, at *2 (C.D. Cal. June 26, 2013) ("The Court takes judicial
26 notice that according to the Copyright Office database, Plaintiffs have not registered any
27 copyrights.").

28 **IV.  Exhibit 6**

1    Exhibit 6 is a printout from the Internet Archive's Wayback Machine.  *See* Ex. 6.  The
2  Wayback Machine records internet sites that were previously available to the public, and
3  information reported by the Wayback Machine can be reasonably verified, thus courts have
4  previously found that printouts from the Wayback Machine are properly the subject of judicial
5  notice.  *See, e.g. Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6,
6  2015) ("Courts have taken judicial notice of the contents of web pages available through the
7  Wayback Machine as facts that can be accurately and readily determined from sources whose
8  accuracy cannot reasonably be questioned")

9  **V.    Exhibits 7 & 8**

10    Exhibits 7 and 8 are documents previously filed by Blizzard Entertainment, Inc. and Valve
11  Corporation with the Trademark Trial and Appeals Board.  *See* Ex. 7, 8.  These are records of the
12  Trademark Office that can be readily ascertained from the Trademark Office itself, and therefore
13  properly the subject of judicial notice.  *See, e.g. Gorski v. The Gymboree Corp.*, 2014 WL
14  3533324, at *3 (N.D. Cal. July 16, 2014) ("[D]ocuments of the Patent and Trademark Office are
15  public records subject to judicial notice on a motion to dismiss.") (internal quotations omitted).

16  **VI.    Exhibit 9**

17    Exhibit 9 is Valve Corporations response to the First Set of Interrogatories of Defendant
18  uCool, Inc., Interrogatory No. 1, and is signed by an attorney for Valve.  *See* Ex. 9.  Accordingly,
19  these responses are subject to judicial notice as a document whose contents Valve's claim depends
20  upon, and whose contents Valve cannot reasonably dispute.  *See Knievel*, 393 F.3d at 1076.
21  Additionally, this District has previously found discovery responses properly subject to judicial
22  notice when ruling on a motion to dismiss.  *See, e.g. Sepehry-Fard v. Nationstar Mortgage LLC*,
23  2015 WL 332202, at *6 (N.D. Cal. Jan. 26, 2015) ("The Court GRANTS Plaintiff's request for
24  judicial notice of ECF No. 30–9, as this document consists of filings made with this Court, as well
25  as responses to subpoenas for documents by Nationstar, GreenPoint, and Marin Conveyancing in
26  this case."); *see also Rose v. Novartis*, 2011 WL 175893, at *1 (N.D. Cal. Jan. 18, 2011)
27  ("Defendants' unopposed request to take judicial notice of Plaintiffs' discovery responses is
28  GRANTED.")

## VII. Exhibits 10 & 11

Exhibits 10 and 11 are images taken from the well-known, popular motion pictures THE LORD OF THE RINGS: RETURN OF THE KING (New Line Cinema, 2003) and PIRATES OF THE CARIBBEAN: THE CURSE OF THE BLACK PEARL (Walt Disney Pictures, 2003). Well-known, popular motion pictures are properly subject to judicial notice. *See, e.g. Sobhani v. @Radical.Media Inc.*, 257 F. Supp. 2d 1234, 1236 n. 1 (C.D. Cal. 2003) ("The Court takes judicial notice of *Cast Away*"); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1, 41 n. 71 (S.D.N.Y. 2001) ("*Star Wars* is one of the most well-known and widely viewed science fiction films. Under the Federal Rules of Evidence, the Court may take judicial notice of any fact which is a matter of common and general knowledge in its jurisdiction.").

*Sobhani* is especially pertinent here. In *Sobhani*, the court took judicial notice of the film *Cast Away* when ruling on an alleged copyright in an advertisement which "spoof[ed]" *Cast Away*. *See Sobhani*, 257 F. Supp. 2d at 1241 & n. 1. The court then noted that where the elements of *Cast Away* were removed, the copyright at issue was unenforceable. *Id*. at 1241. Here, uCool requests that the court take judicial notice of these movies for substantially the similar purpose. *See* uCool's Notice of Motion and Motion to Dismiss at § IV(C).

## VIII. Exhibit 12

Exhibit 12 is an excerpt from Jason Colativo's *Jason and the Argonauts Through the Ages* (McFarland 2014). This District has previously recognized that treatises on Greco-Roman mythology are subject to judicial notice. *See Bissoon-Dath v. Sony Computer Entm't Am., Inc.*, 694 F. Supp. 2d 1071, 1080 & n. 4 (N.D. Cal. 2010) (taking judicial notice of Edith Hamilton's treatise on Greco-Roman mythology).

## IX. Exhibit 13

Exhibit 13 is comprised of documents filed with the Federal Court for the Northern District of Illinois in *Games Workshop Limited v. Chapterhouse Studios LLC*, Case No. 1:10-cv-08103 (N.D. Ill. 2010) at Docket Entries 213-12, 213-18, and 213-21. Pursuant to FRE 201, "[f]ederal courts may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue[.]" *Cactus Corner, LLC*

1  *v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004) *aff'd*, 450 F.3d 428 (9th Cir.
2  2006).  As demonstrated in uCool's motion to dismiss, the proceedings in *Games Workshop* have
3  a direct relation to the copyrighted works at issue in this litigation, and are thus properly subject to
4  judicial notice.  *See* uCool's Notice of Motion and Motion to Dismiss at § IV(C).

## X. Exhibits 14 & 15

Exhibits 14 and 15 contain images of Apollo space program space suits that were printed in the Washington Post.  Newspaper articles are matters of public record that are subject to judicial notice.  *See, e.g. Greg Garrison, et al., Plaintiffs, v. Oracle Corporation, Defendant.*, 2016 WL 393527, at *9 (N.D. Cal. Feb. 2, 2016) ("Oracle also requests judicial notice of matters of public record (complaints and final judgments in federal district courts), and a newspaper article . . . the Court GRANTS the . . . request[] for judicial notice.").

## XI. Exhibits 16 & 17

Exhibits 16 and 17 are images of Heroes Charge that were captured using an iPhone 6.  This District has recognized that works which are accused of copyright infringement, but not attached as exhibits to the complaint, are properly the subject of judicial notice.  *See, e.g. Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n. 3 (N.D. Cal. 2010) (taking judicial notice of accused work where "Plaintiff refers to the contents of the motion picture "Cars" and the text of "The Challenge" in the Complaint but does not attach either as an exhibit"); *see also Thomas v. Walt Disney Co.*, 2008 WL 425647, at *2 n. 1 (N.D. Cal. Feb. 14, 2008) (granting judicial notice of works referenced in copyright infringement complaint).  As the First Amended Complaint accuses Heroes Charge of infringing on Blizzard and Valve's copyrights, Heroes Charge is properly subject to judicial notice.

## XII. Conclusion

For the foregoing reasons, uCool, Inc. respectfully requests that the Court take judicial notice of Exhibits 1 through 17 to the LaFond Decl.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 8, 2016 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By /s/ *Evette D. Pennypacker*<br>    Claude M. Stern |
| 6 | | Evette D. Pennypacker<br>Attorneys for uCool, Inc. |