KARIN G. PAGNANELLI (SBN 174763), kgp@msk.com
MARC E. MAYER (SBN 190969), mem@msk.com
DANIEL A. KOHLER (SBN 285501), dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs Blizzard Entertainment, Inc.
and Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., and Valve Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Lilith Games (Shanghai) Co. Ltd., uCool, Inc., and uCool Ltd.,<br><br>　　　　　Defendants. | CASE NO. 3:15-CV-04084-CRB<br><br>The Honorable Charles R. Breyer<br><br>**RESPONSE OF PLAINTIFF VALVE CORPORATION TO FIRST SET OF INTERROGATORIES OF DEFENDANT UCOOL, INC.** |

PROPOUNDING PARTY:   uCool, Inc.

RESPONDING PARTY:   Valve Corporation

SET NO.:   One

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

IDENTIFY and DESCRIBE, each CHARACTER YOU allege is infringed by Heroes Charge, including the name of the allegedly infringed CHARACTER, an image of the allegedly infringed CHARACTER, and a listing of all works wherein the CHARACTER appears.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory on the ground that it is vague and ambiguous and mischaracterizes the nature of the claims in this action. Plaintiffs' claims arise from infringement of their copyrighted works and authorized derivative works thereof. Included in those copyrighted works are visual depictions of creatures and characters. Among other acts of infringement, Defendant has infringed Plaintiffs' copyrights by using visual or artistic elements (including in their sprites and hero cards) that are substantially similar to Plaintiffs' visual depictions of its characters in its games and authorized derivative works. Defendant also has infringed Plaintiff's copyrights by copying the in-game roles, powers or spells of DotA and Dota 2 characters in their analogous "heroes." In so doing, Defendants have mimicked not only the appearances and attributes of individual characters and creatures that appear in Plaintiff's works, but also the protectable collection, selection, and arrangement of such characters and creatures.

Plaintiff also objects to this Interrogatory on the ground that discovery is continuing and Defendant has not yet provided to Plaintiff each version of "Heroes Charge" that has been released to the public. Plaintiff is informed and believes that Defendant has made changes to "Heroes Charge" in response to claims from Blizzard and Valve and to disguise the scope of its infringement. Thus, it is likely that heroes, hero abilities, or other visual or audiovisual elements contained in the earlier versions of "Heroes Charge" bear additional similarities to Blizzard and Valve's products. Plaintiff reserves the right to amend this Interrogatory as it learns of additional infringements.

Subject to the foregoing, and without waiving any of the foregoing objections, Plaintiff identifies the following characters, creatures, character models, and/or DotA/Dota 2 heroes that

have been used without authorization by Defendant, along with the names of the core games in which they have appeared. Plaintiff notes that, while versions of the hero characters that appeared in DotA also appear in Dota 2, significant additional protected expression (including, without limitation, new visual appearances, animations, and other character art) was added to Dota 2 that was not present in DotA. Representative images of each of the following, including as they appear in tie-in products such as art books, action figures, games, and toys, will be produced by Plaintiff. Plaintiff specifically reserves the right to supplement this list in the future, as necessary.

1. Kunkka: appears in DotA and Dota 2.
2. Axe: appears in DotA and Dota 2.
3. Drow Ranger: appears in DotA and Dota 2
4. Zeus: appears in DotA and Dota 2.
5. Brewmaster: appears in DotA and Dota 2.
6. Earthshaker: appears in DotA and Dota 2.
7. Abaddon: appears in DotA and Dota 2.
8. Lina: appears in DotA and Dota 2.
9. Enchantress: appears in DotA and Dota 2.
10. Tidehunter: appears in DotA and Dota 2.
11. Slardar: appears in DotA and Dota 2.
12. Tiny: appears in DotA and Dota 2.
13. Bristleback: appears in DotA and Dota 2.
14. Centaur Warrunner: appears in DotA and Dota 2.
15. Spirit Breaker: appears in DotA and Dota 2.
16. Wraith King: appears in the game Dota 2.
17. Anti Mage: appears in DotA and Dota 2.
18. Ogre Magi: appears in DotA and Dota 2.
19. Omniknight: appears in DotA and Dota 2.
20. Ursa: appears in DotA and Dota 2.
21. Necrophos: appears in DotA and Dota 2.

22. Razor: appears in DotA and Dota 2.
23. Terrorblade: appears in DotA and Dota 2.
24. Naga Siren: appears in DotA and Dota 2.
25. Ember Spirit: appears in DotA and Dota 2.
26. Phantom Lancer: appears in DotA and Dota 2.
27. Troll Warlord: appears in DotA and Dota 2.
28. Shadow Fiend: appears in DotA and Dota 2.
29. Death Prophet: appears in DotA and Dota 2.
30. Jakiro: appears in DotA and Dota 2.
31. Huskar: appears in DotA and Dota 2.
32. Medusa: appears in DotA and Dota 2.
33. Lich: appears in DotA and Dota 2.
34. Tinker: appears in DotA and Dota 2.
35. Crystal Maiden: appears in DotA and Dota 2.
36. Pugna: appears in DotA and Dota 2.
37. Lion: appears in DotA and Dota 2.
38. Outworld Devourer: appears in DotA and Dota 2.
39. Silencer: appears in DotA and Dota 2.
40. Phoenix: appears in DotA and Dota 2.
41. Luna: appears in DotA and Dota 2.
42. Dazzle: appears in DotA and Dota 2.
43. Queen of Pain: appears in DotA and Dota 2.
44. Vengeful Spirit: appears in DotA and Dota 2.
45. Windranger: appears in the game Dota 2.
46. Gyrocopter: appears in DotA and Dota 2.
47. Mirana: appears in DotA and Dota 2.
48. Keeper of the Light: appears in DotA and Dota 2.
49. Clinkz: appears in DotA and Dota 2.

|   |     |                                                      |
|---|-----|------------------------------------------------------|
| 1 | 50. | Viper: appears in DotA and Dota 2.                   |
| 2 | 51. | Sniper: appears in DotA and Dota 2.                  |
| 3 | 52. | Juggernaut: appears in DotA and Dota 2.              |
| 4 | 53. | Templar Assassin: appears in DotA and Dota 2.        |
| 5 | 54. | Phantom Assassin: appears in DotA and Dota 2.        |
| 6 | 55. | Doom : appears in DotA and Dota 2.                   |
| 7 | 56. | Storm Spirit: appears in DotA and Dota 2.            |
| 8 | 57. | Treant Protector: appears in DotA and Dota 2.        |

**INTERROGATORY NO. 2:**

For each CHARACTER identified in response to Interrogatory No. 1, DESCRIBE in detail the factual basis for how the CHARACTER is independently copyrightable from any work in which it is contained, including a list of all "consistent, widely identifiable traits" which make the character "sufficiently delineated" for copyright protection, as explained by the Ninth Circuit's opinions in *DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015), and *Rice v. Fox Broadcasting Company*, 330 F.3d 1170 (9th Cir. 2003).

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections set forth above, Plaintiff objects to this Interrogatory on the ground that it is vague and ambiguous, calls for a pure legal conclusion, and calls for an interpretation of case law that is not appropriate for an Interrogatory response. Plaintiff also objects to this Interrogatory on the ground that it mischaracterizes the nature of the claims in this action. Plaintiffs' claims arise from infringement of their copyrighted works and authorized derivative works thereof. Included in those copyrighted works are protectable visual depictions of creatures and characters. Among other acts of infringement, Defendant has infringed Plaintiffs' copyrights by including a roster of heroes in its game that mimic and are substantially similar to the selection, appearance, in-game roles, powers or spells of Dota 2 characters. In so doing, Plaintiffs have mimicked not only the appearance and attributes of individual characters and

Mitchell Silberberg & Knupp LLP

1 **INTERROGATORY NO. 9:**

2     On a per-CHARACTER and per-NON-CHARACTER-ELEMENT basis, IDENTIFY all
3 PERSONS who own, hold an exclusive license, or hold a non-exclusive license for each
4 CHARACTER and/or NON-CHARACTER ELEMENT; the identification should specify whether
5 the PERSON is an owner, exclusive licensee, or non-exclusive licensee; the date when the
6 ownership or license became effective; and the PERSON'S current contact information.

7 **RESPONSE TO INTERROGATORY NO. 9:**

8     In addition to the General objections set forth above, Plaintiff objects to this Interrogatory
9 on the grounds that it is overbroad and unduly burdensome, Plaintiff further objects to this
10 Interrogatory because it seeks information that is not relevant to the claims or defenses of the
11 parties nor reasonably calculated to lead to the discovery of admissible evidence, including
12 because whether Plaintiff has granted any licenses, particularly non-exclusive licenses, to third
13 parties is not relevant to whether Defendant has infringed Plaintiff's copyrights.  Plaintiff further
14 objects to this Interrogatory on the grounds that it is confusing, vague, and ambiguous, including
15 because it incorporates the term NON-CHARACTER ELEMENT, which itself is confusing,
16 vague, and ambiguous.  Plaintiff has not conveyed to any third party any exclusive rights to create,
17 market and sell mobile video games in the United States using their characters, icons, locations,
18 and music.

19

20 DATED:  January 25, 2016                MITCHELL SILBERBERG & KNUPP LLP

21
22                                         By: _____
23                                             Marc E. Mayer
                                            Attorneys for Plaintiffs
24                                             Blizzard Entertainment, Inc.
                                            and Valve Corporation