# EXHIBIT 1

| | |
|---|---|
| **From:** | Mayer, Marc |
| **Sent:** | Thursday, February 04, 2016 4:21 PM |
| **To:** | 'Evette Pennypacker' |
| **Cc:** | Claude M. Stern; Derek Tang; David Myre; Michael LaFond; Kohler, Daniel; Pagnanelli, Karin |
| **Subject:** | RE: Correspondence Regarding Blizzard Entertainment, Inc. et al v. Lilith Games (Shanghai) Co. Ltd. et al, Case No. 3:15-cv-4084-CRB |

Evette / Claude:

Thanks for your email, and thanks for letting me push yesterday's call. I did not expect to be out of the office yesterday afternoon. Just let me know your availability for a call next week. I assumed that Claude's email was directed at your specific demand for the DotA assignments, which we have now produced. In the meantime, I am hoping that some of the issues can be avoided based on our respective document productions.

Regarding the contemplated motion, I wanted to reach out to you because it seemed to me that (if I understand correctly), there may be a way to avoid additional motion practice. Specifically, as I understood from the case management conference, you are contemplating bringing a motion on the ground that Valve and Blizzard cannot bring claims for any preexisting material from Dota that is contained in Dota 2 because Dota is an unregistered work.

As I understand your position, your motion would be based on Section 411 of the Copyright Act. However, Claude's email of yesterday suggested that you are contemplating also arguing that the Court lacks subject matter jurisdiction to hear the claim. We do not understand that argument, since the Supreme Court has said that the registration requirement is <u>not</u> jurisdictional but merely a procedural formality.

In any event, I suspect we can agree to disagree as to whether our client's registration for Dota 2 is sufficient for us to bring a claim on the entirety of that work, including any purported pre-existing material contained therein. We believe that it is (and if we have to brief the issue we will). However, in order to avoid unnecessary briefing we are going to be filing copyright applications tomorrow for the Dota mod. I think we can agree that this should resolve any even arguable issue under Section 411. As you now have seen from our documents, our clients clearly have <u>standing</u> to bring a claim (both for Dota and Dota 2) and certainly have met their obligations at the pleading stage.

In light of this fact, we hope that you will forego another motion (and avoid forcing us to spend additional time and money on what is, at most, a curable procedural issue) and answer the complaint. However, let us know if you would like to discuss this further. We will produce the copyright applications after they are filed. If you need additional time to evaluate whether you still wish to file a motion, we can discuss that as well.

**Marc Mayer, a Professional Corporation | Partner**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP**
11377 W. Olympic Blvd., Los Angeles, CA 90064

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.