QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Dr., 5th Fl.
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:     (650) 801-5100

Derek J. Tang (Bar No. 296230)
  derektang@quinnemanuel.com
50 California St., 22nd Fl.
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for uCool, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., and Valve Corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>Lilith Games (Shanghai) Co. Ltd., and uCool, Inc.,<br><br>          Defendants. | CASE NO. 3:15-cv-04084-CRB<br><br>**DEFENDANT UCOOL, INC.'S REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF ITS REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:          April 8, 2016<br>Time:         10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Judge:        The Hon. Charles R. Breyer |

**REQUEST FOR JUDICIAL NOTICE**

Defendant uCool, Inc. respectfully requests that the Court take judicial notice of the following documents and works pursuant to Federal Rule of Evidence 201:

1. A new, unopened copy of Blizzard Entertainment, Inc.'s product Starcraft II: Wings of Liberty, in its original packaging. (**Exhibit A** to the Declaration of Michael LaFond in Support of uCool, Inc.'s Reply in Support of Motion to Dismiss First Amended Complaint (the "LaFond Decl.")).

2. A new, unopened copy of Blizzard Entertainment, Inc.'s product Diablo III, in its original packaging. (**Exhibit B** to the LaFond Decl.).

3. A new, unopened copy of Walt Disney Picture's movie Pirates of the Caribbean: Curse of the Black Pearl, in DVD format, in its original packaging. (**Exhibit C** to the LaFond Decl.).

4. A new, unopened copy of New Line Cinema's movie The Lord of the Rings: The Return of the King, in DVD format, in its original packaging. (**Exhibit D** to the LaFond Decl.)

5. The Heroes Charge App, as downloaded from the Apple App Store onto a new iPad Air 2. (*See* **Exhibit E** to the LaFond Decl. (iPad Air 2); **Exhibit F** to the LaFond Decl. (directions for downloading the Heroes Charge App)).

6. A true and correct copy of the Warcraft III user license agreement, produced by Blizzard Entertainment, Inc. (**Exhibit G** to the LaFond Decl.).

**ARGUMENT**

I. **Legal Standard**

"Judicial notice is governed by Rule 201 of the Federal Rules of Evidence." *Roe v. SFBSC Mgmt., LLC*, 2015 WL 930683, at *4 (N.D. Cal. Mar. 2, 2015). Judicial notice permits a court to examine facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Cox v. Old Republic Nat'l Title Ins. Co.*, 2016 WL 301974, at *4 (N.D. Cal. Jan. 25, 2016). In ruling on a

request for judicial notice, Federal Rule of Evidence 201 states that "[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *See also In re Yahoo! Inc. S'holder Derivative Litig.*, 2015 WL 9319307, at *5 (N.D. Cal. Dec. 23, 2015) ("Judicial notice is mandatory if a party requests it and the court is supplied with the necessary information." (internal quotation omitted)).

New evidence may be attached to a reply brief pursuant to Northern District of California Civil Local Rule 7-3(c). *See Kwan Software Eng'g, Inc. v. Foray Tech., LLC*, 2014 WL 572290, at *1 n.1 (N.D. Cal. Feb. 11, 2014) ("Civil Local Rule 7-3(c) permits additional evidence to be attached to a reply brief."). New evidence submitted with a reply is properly considered where the "evidence merely responds to arguments [] raised in [the] Opposition . . . or elaborates on points made in Defendants' motion[.]" *FastCap, LLC v. Snake River Tool Co., LLC*, 2015 WL 6828196, at *3 (N.D. Cal. Nov. 6, 2015); *see also Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) (new evidence properly submitted on reply where "the new declarations, as well as the arguments raised in the Reply, were largely within the scope of the issues raised by [the] opposition"). New evidence submitted with a reply may also be considered if the opposing party will have an opportunity to respond at a forthcoming motion hearing. *See Armstrong v. Brown*, 857 F. Supp. 2d 919, 931 n.6 (N.D. Cal. 2012).

The exhibits referenced in this request are offered in support of a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). "[I]n order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal citations and quotations omitted); *see also Hawthorne v. Umpqua Bank*, 2013 WL 5781608, at *4 (N.D. Cal. Oct. 25, 2013) ("[C]ourts may properly take judicial notice of material attached to the complaint. . . . If the documents are not attached to the complaint, they may be considered if their authenticity is not contested and the complaint necessarily relies on them.") (internal citations and quotations omitted).

## II. Exhibits A, B, E, and F

Plaintiffs identify each of Exhibits A, B, E and F in the First Amended Complaint by name. (Dkt. 36 ("FAC") ¶¶ 7 (listing "Starcraft II: Wings of Liberty," and "Diablo III"), 10 ("Heroes Charge")). In fact, Plaintiffs allege Starcraft II: Wings of Liberty and Diablo III are Blizzard games that each contain one character Plaintiffs alleged are infringed by Heroes Charge. This District has recognized that works accused of copyright infringement (and therefore plainly referenced in the complaint), but not attached as exhibits to the complaint, are properly the subject of judicial notice. *See, e.g. Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (taking judicial notice of accused work where "Plaintiff refers to the contents of the motion picture "Cars" and the text of "The Challenge" in the Complaint but does not attach either as an exhibit"); *see also Thomas v. Walt Disney Co.*, 2008 WL 425647, at *2 n.1 (N.D. Cal. Feb. 14, 2008) (granting judicial notice of works referenced in copyright infringement complaint). As the First Amended Complaint accuses Heroes Charge of infringing Blizzard's alleged copyrights in Starcraft II and Diablo III (which Plaintiffs admit are Blizzard games and thus the authenticity of which cannot be contested), all three products are properly subject to judicial notice.

While uCool does not believe that any of these exhibits is necessary to decide its motion to dismiss, it is nonetheless proper for the Court to consider all of these games on a motion to dismiss and to accept them into evidence with uCool's reply in support of its motion. These works add to the non-infringement argument made in uCool's opening motion (Dkt. 44 ("Mot.") at 12-15), and are also offered in direct response to Plaintiffs' untenable position that the Court should defer decision on uCool's motion to dismiss simply because these *entire* works were not before the Court. (Dkt. 55 ("Opp.") at 12.). These exhibits are thus properly considered with uCool's reply brief. *FastCap*, 2015 WL 6828196, at *3; *Wren*, 256 F.R.D. at 201.

## III. Exhibits C & D

Exhibits C and D are copies of the well-known, popular motion pictures THE LORD OF THE RINGS: RETURN OF THE KING (New Line Cinema, 2003) and PIRATES OF THE CARIBBEAN: THE CURSE OF THE BLACK PEARL (Walt Disney Pictures, 2003). Well-known, popular motion pictures are properly subject to judicial notice. *See, e.g. Sobhani v.*

*@Radical.Media Inc.*, 257 F. Supp. 2d 1234, 1236 n.1 (C.D. Cal. 2003) ("The Court takes judicial notice of *Cast Away*"); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1, 41 n.71 (S.D.N.Y. 2001) ("*Star Wars* is one of the most well-known and widely viewed science fiction films. Under the Federal Rules of Evidence, the Court may take judicial notice of any fact which is a matter of common and general knowledge in its jurisdiction.").

Again, while uCool believes the Court can decide its motion to dismiss based on the materials submitted with its motion, these exhibits are offered to further support the scenes-a-faire argument made in uCool's opening motion (Mot. 12-13), and in direct response to Plaintiffs' (inaccurate) argument that mere "movie stills" were insufficient for the Court to make a scenes-a-faire determination. (Opp. 14-15.). These exhibits are thus also properly considered with uCool's reply brief. *FastCap*, 2015 WL 6828196, at *3; *Wren*, 256 F.R.D. at 201.

## IV.  Exhibit G

Exhibit G, the Warcraft III User License Agreement, is properly subject to judicial notice as a document that is incorporated by reference into the FAC or upon which the FAC necessarily relies. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the "incorporation by reference" doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."). The FAC explicitly pleads the existence and necessity of the Warcraft III User License Agreement to Plaintiff's claims. (*See* FAC ¶ 22.)

This exhibit is offered in response to Plaintiffs' argument, raised for the first time in the opposition, that the Warcraft III User License Agreement is relevant to the scope of any abandoned copyright. (Opp. 3 n.1.). Accordingly, this exhibit is properly considered with uCool's reply brief. *FastCap*, 2015 WL 6828196, at *3; *Wren*, 256 F.R.D. at 201.

## V.  Conclusion

For the foregoing reasons, uCool, Inc. respectfully requests that the Court take judicial notice of Exhibits A through G to the LaFond Decl.

DATED: March 14, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Evette D. Pennypacker
Claude M. Stern
Evette D. Pennypacker
Attorneys for uCool, Inc.