KARIN G. PAGNANELLI (SBN 174763), kgp@msk.com
MARC E. MAYER (SBN 190969), mem@msk.com
EMILY F. EVITT (SBN 261491), efe@msk.com
DANIEL A. KOHLER (SBN 285501), dxk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone:   (310) 312-2000
Facsimile:    (310) 312-3100

Attorneys for Plaintiffs Blizzard Entertainment, Inc. and Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., and Valve Corporation,<br><br>               Plaintiffs,<br><br>       v.<br><br>Lilith Games (Shanghai) Co. Ltd., uCool, Inc., and uCool Ltd.,<br><br>               Defendants. | CASE NO. 3:15-cv-04084-CRB-JSC<br><br>The Honorable Charles R. Breyer<br><br>**DECLARATION OF MARC E. MAYER IN SUPPORT OF MEMORANDUM OF PLAINTIFF VALVE CORPORATION IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT RE OWNERSHIP OF DOTA**<br><br>**DATE:**   March 10, 2017<br>**TIME:**    10:00 a.m.<br>**CTRM.:**   6, 17th Floor |

**REDACTED VERSION OF DOCUMENT
SOUGHT TO BE FILED UNDER SEAL**

I, Marc E. Mayer, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California. I am, through my professional corporation, a partner at the law firm Mitchell Silberberg & Knupp LLP, counsel of record for Plaintiffs Blizzard Entertainment, Inc. and Valve Corporation (collectively, "Plaintiffs") in this action. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto under oath.

## Deposition Excerpts

2. On September 9, 2016, uCool took the deposition of Alexander Moss a/k/a "Neichus." Attached hereto as **Exhibit 1** are true and correct excerpts of testimony from Mr. Moss's deposition transcript, which my office received from the court reporter.

3. On September 16, 2016, uCool took the deposition of Steven Mescon a/k/a "Pendragon." Attached hereto as **Exhibit 2** are true and correct excerpts of testimony from Mr. Mescon's deposition transcript, which my office received from the court reporter.

4. On September 22, 2016, uCool took the deposition of Kyle Sommer a/k/a "Eul." Attached hereto as **Exhibit 3** are true and correct excerpts of testimony from Mr. Sommer's deposition transcript, which my office received from the court reporter.

5. On September 23, 2016, uCool took the deposition of ▮▮▮▮ a/k/a "Icefrog." Attached (under seal) hereto as **Exhibit 4** are true and correct excerpts of testimony from Icefrog's deposition transcript, which my office received from the court reporter. Icefrog's true name is a closely guarded secret and is not publicly known, both for professional and personal reasons. Accordingly, I have redacted references to ▮▮▮▮ name in Exhibit 4.

6. On September 29, 2016, uCool took the deposition of Scott Lynch. Attached hereto as **Exhibit 5** are true and correct excerpts of testimony from Mr. Lynch's deposition transcript, which my office received from the court reporter.

7. On November 3, 2016, I took the deposition of Derek Baker aka "Terrorblaze." Attached hereto as **Exhibit 6** are true and correct excerpts of testimony from Mr. Baker's deposition transcript, which my office received from the court reporter.

8. On December 7, 2016, uCool and Plaintiffs took attended the deposition of Stephen Feak a/k/a "Guinsoo." Attached hereto as **Exhibit 7** are true and correct excerpts of testimony from Mr. Feak's deposition transcript, which my office received from the court reporter.

## Additional Documents

9. Attached (under seal) hereto as **Exhibit 8** is a true and correct copy of an Intellectual Property Assignment Agreement dated December 8, 2010, between Stephen Feak and Riot Games, Inc. The December 8, 2010, Agreement was attached as Exhibit 108 to the deposition of Stephen Feak.

10. On September 28, 2011, Riot Games transferred all its rights in DotA to DotA Allstars, LLC. A true and correct copy of that assignment, which was produced by Riot in this action, is attached (under seal) hereto as **Exhibit 9**.

11. During the deposition of Steve Feak, Mr. Feak forwarded to me and to uCool's counsel an email that he sent to Alex Moss a/k/a Neichus dated January 4, 2005, titled "map," and attaching a copy of an unreleased DotA version 6.0 map file. Mr. Feak discussed this email during his deposition at pages 10:17-13:15. A copy of Mr. Feak's email is attached hereto as **Exhibit 10.**

## Discovery Issues

12. I have reviewed the declaration of Michael LaFond filed in support of uCool's Motion for Partial Summary Judgment and wish to address it briefly.

13. Mr. LaFond's declaration contains an exhaustive, one-sided discussion of the discovery disputes between the parties, punctuated with inflammatory headings such as "Plaintiffs' Are Discovered Withholding Documents Months Later." *See* LaFond Decl., pg. 7. Mr. LaFond also has selectively included only his Firm's written correspondence on these issues,

Mitchell
Silberberg &
Knupp LLP

8590362.1

2    CASE NO. 3:15-cv-04084-CRB
**MARC E. MAYER DECLARATION**

1  and not any of my Firm's responses to those communications. Mr. LaFond's argumentative
2  discussion of the discovery process is not relevant to the issues before the Court on uCool's
3  present Motion to for Partial Summary Judgment.

4      14.    uCool has never claimed that it was deprived of evidence relevant to this Motion or
5  that it was unable to complete the depositions of relevant witnesses as a result of any purported
6  delays in the production of documents. uCool never sought additional testimony from any of
7  Plaintiffs' witnesses. uCool also has never claimed that Plaintiffs violated any discovery orders,
8  and it has never sought relief before the Magistrate Judge for any purported discovery violations.
9  If uCool in fact had believed that a supplemental document production entitled it to additional
10 testimony or more time to file its Motion for Summary Judgment, it had ample time to do that.

11     15.    Notwithstanding that the discovery issues raised by uCool are irrelevant, I am
12 compelled to briefly note that Mr. LaFond's characterization of the facts is not correct. I do not
13 wish to detail the extensive back-and-forth on the discovery issues in this case, but wish to note
14 that contrary to Mr. LaFond's intimation, Plaintiffs did not "withhold documents." In April 2016,
15 the Court stayed discovery on all issues other than "DotA ownership." Plaintiffs made a good
16 faith effort to respond to uCool's ever-expanding demand for DotA "ownership" discovery.
17 Specifically, Plaintiffs collected documents, ran keyword searches, and undertook to produce all
18 responsive documents related to the ownership issues.

19     16.    In September 2016, uCool claimed that Plaintiffs had failed to produce certain
20 documents. Even though Plaintiffs disagreed with that contention, in order to put the issue to rest
21 Plaintiffs conducted a second review of documents. And, so that uCool could not later argue that
22 Plaintiffs were withholding relevant documents, in October 2016 Plaintiffs produced all
23 documents that even mentioned DotA, without only the bare minimum of relevance or
24 responsiveness determinations. As a result, while the supplemental document production was
25 fairly substantial, that is because it consisted almost entirely of completely irrelevant and
26 nonresponsive documents. As a further measure of good faith, I provided sworn declarations
27 detailing each of Valve and Blizzard's document production efforts and certifying that their
28

productions on the "ownership" issue were complete.  Indeed, Mr. LaFond attached my declarations to his declaration as Exhibits TT and UU.

17. uCool has never claimed that any documents produced as part of the supplemental production in October 2016 necessitated additional testimony from Plaintiffs' witnesses.  Thus, uCool has never asked Plaintiffs for any additional testimony.  However, in November 2016 uCool *did* ask to postpone the briefing schedule by 60 days so that it could take the deposition of Stephen Feak, who was not cooperating with uCool's subpoena.  Plaintiffs consented to that request.  However, during the 60 day extension period uCool did not seek any other additional discovery.

18. I understand that uCool has stated that among the documents produced by Blizzard was an email from Vinh Tran to Blizzard dated June 6, 2005 (LaFond Ex. VV).  uCool has suggested that it somehow was deprived of the opportunity to locate and depose Mr. Tran.  I am perplexed by this suggestion.  The email was produced in *October 2016*.  uCool did not file its Motion for Partial Summary Judgment until *January 2017*.  Thus, if uCool truly believed that it required Mr. Tran's testimony, uCool had nearly three months to locate and attempt to depose Mr. Tran.  Also, if uCool believed it required more time to do that, it could have asked Plaintiffs for additional time, like it did for the Stephen Feak deposition.  uCool apparently decided on its own that Mr. Tran was not a relevant witness, since the very first time I heard any mention of this person was in uCool's Motion for Partial Summary Judgment.

### uCool's Improper "Chart" Of Testimony

19. uCool has attached as Exhibit HH to the Declaration of Michael LaFond a "chart" purporting to outline various deposition testimony that supports its claim as to who "created" certain DotA heroes.  Mr. LaFond's chart is an improper attempt to add pages of argument outside its brief.  In any event, uCool's factual assertions are incorrect.  Attached hereto as **Exhibit 11** is a brief chart responding to the "facts" set forth in the chart attached as Exhibit HH to Mr. LaFond's declaration.

1    I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct.

4    Executed on this 3rd day of February, 2017, at Los Angeles, California.

       _____
                Marc E. Mayer