1  KARIN G. PAGNANELLI (SBN 174763), kgp@msk.com
MARC E. MAYER (SBN 190969), mem@msk.com
2  EMILY F. EVITT (SBN 261491), efe@msk.com
DANIEL A. KOHLER (SBN 285501), dxk@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
4  Los Angeles, CA  90064-1683
Telephone:   (310) 312-2000
5  Facsimile:    (310) 312-3100

6  Attorneys for Valve Corporation

7

8                          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

11  Blizzard Entertainment, Inc., and Valve        CASE NO.  3:15-cv-04084-CRB-JSC
Corporation,
12                                                 The Honorable Charles R. Breyer
            Plaintiffs,
13                                                 **RESPONSE OF VALVE CORPORATION
        v.                                         TO SUPPLEMENTAL BRIEF OF
14                                                 UCOOL, INC. RE MOTION FOR
Lilith Games (Shanghai) Co. Ltd., uCool, Inc.,    PARTIAL SUMMARY JUDGMENT**
15  and uCool Ltd.,
                                                   **DATE:**      TBD
16          Defendants.                            **TIME:**      TBD
                                                   **CTRM.:**     6, 17th Floor
17

18

19

20

21

22

23

24

25

26

27

Mitchell      28
Silberberg &
Knupp LLP
                                                              CASE NO. 3:15-cv-04084-CRB
8753629.3
                              **VALVE'S RESPONSE TO UCOOL'S SUPPLEMENTAL BRIEF**

1    In its March 14, 2017, Order, the Court directed uCool, Inc. and Valve Corporation to

2    address a single issue: "how, *if at all*," the following restriction contained in the Warcraft III

3    EULA affects uCool's pending Motion for Partial Summary Judgment (the "Motion"):

> 4    [Users are not entitled to] use or allow third parties to use the Editor
>      and the New Materials created thereby for commercial purposes
> 5    including, but not limited to, distribution of New Materials on a
>      stand-alone basis or packaged with other software or hardware
> 6    through any and all distribution channels, including, but not limited
>      to, retail sales and on-line electronic distribution without the express
> 7    written consent of Blizzard.  (For this brief, the "Commercial Use
>      Restriction.")
> 8

9    Valve agrees with uCool that the Commercial Use Restriction does not affect resolution of

10   the pending Motion or Valve's Opposition to the Motion.  uCool's Supplemental Brief (the

11   "Brief") goes far beyond the scope of the Court's March 14 Order to dwell on irrelevancies and

12   strawmen.  Valve's position is set forth in its Opposition to uCool's Motion, and the Court need

13   not address uCool's lengthy and confusing digressions about hypothetical (and not relevant)

14   interpretations of the EULA.

15   In its pending Motion, uCool seeks an order precluding *Valve* from asserting *any*

16   infringement claim in this lawsuit – either for DotA or Dota 2 – claiming that, as a matter of *law*,

17   Valve can "never" demonstrate any ownership of DotA.  Motion at 2.  In order to defeat uCool's

18   Motion, Valve need only present evidence sufficient for a jury to reasonably determine that Valve

19   owns the copyrights to the relevant works at issue (including as a joint owner with Blizzard).

20   Opposition at 10; *Direct Techs LLC v. Elec. Arts, Inc.*, 836 F.3d 1059, 1069 (9th Cir. 2016).

21   Valve's Opposition presented extensive evidence to support its ownership claims, including

22   substantial proof that DotA was authored by Valve's predecessors-in-interest over a 15-year

23   period.  uCool now *agrees* that a jury reasonably could determine that the Commercial Use

24   Restriction did not deprive Valve's assignors (and Guinsoo, Blizzard's assignor) of ownership

25   rights they may have acquired in DotA by virtue of their authorship.  Brief at 1-2 (noting that

26   individuals including Eul, Guinsoo, and Icefrog who "developed" DotA "own the elements of

27   those games they created.").  Thus, it now is beyond dispute that a jury reasonably could

28   determine that Valve's assignors acquired rights in DotA at creation by operation of law by virtue

Mitchell
Silberberg &
Knupp LLP

8753629.3

1                    CASE NO. 3:15-cv-04084-CRB
**VALVE'S RESPONSE TO UCOOL'S SUPPLEMENTAL BRIEF**

1  of their authorship, and then assigned those rights to Valve. *See Schrock v. Learning Curve Int'l,*

2  *Inc.*, 586 F.3d 513, 522 (7th Cir. 2009) (The Copyright Act "provides that copyright in a

3  derivative work, like copyright in any other work, arises by operation of law once the author's

4  original expression is fixed in a tangible medium."). The only issue presented in uCool's Motion

5  is the *scope* or nature of Valve's assignors' authorship. This is a factual question that does not

6  depend on the interpretation of the Commercial Use Restriction or there being any assignment of

7  rights to Valve under the EULA.

8       Because Valve and uCool agree that the Commercial Use Restriction is not relevant to the

9  pending Motion, the Court should decline uCool's invitation to address and decide the numerous

10  strawmen issues discussed in its Brief. Most notable of these is uCool's extensive discussion of

11  whether language in the EULA, including language *other than* the Commercial Use Restriction,

12  should be interpreted to have assigned rights in DotA to either Blizzard or Valve (as third-party

13  beneficiary or Blizzard's licensee). This issue is not before the Court, and need not be decided to

14  resolve uCool's Motion. By its Motion, uCool did not seek an adjudication of Blizzard's rights in

15  DotA under the EULA. And in opposition to the Motion, Valve has not claimed ownership rights

16  by virtue of the EULA (including as a third-party beneficiary):[1] Valve's ownership claim is by

17  *assignment* from the DotA authors. Thus, the only relevant issue before the Court is whether a

18  jury could reasonably find that Valve's assignors owned the copyrightable expression they created

19  in DotA, which they then assigned to Valve.

20       The other issues raised by uCool also are irrelevant. For example, uCool claims that it did

21  not violate the Commercial Use Restriction when it created and distributed its infringing game.

22  But that is not Valve's argument. uCool infringed Valve's copyright in DotA and Dota 2 when it

23  appropriated those games in "Heroes Charge" without authorization.[2] Likewise, uCool speculates

---

24  [1] Notably, uCool also has not contested Blizzard's ownership of rights in DotA by assignment
    from Guinsoo (and Neichus).

25  [2] uCool offers the hypothetical that among the ways it infringed DotA and Dota 2 was by copying

26  heroes such as "Abbadon." In so doing, uCool now contradicts its Motion by admitting that
    "Abbadon" and other DotA units were "created with the World Editor" (Brief at 9). Since

27  Terrorblaze did not use the World Editor and never implemented any content into the game, it is
    now clear that he cannot be an author of DotA or any of its constituent elements. Baker Depo.,

28  138:2-141:16 ("So you weren't able to implement anything into DotA; is that correct? Yes, that is
    correct.").

Mitchell
Silberberg &
Knupp LLP

8753629.3

1    about whether a violation of the Commercial Use Restriction could give rise to a claim by Blizzard

2    for copyright infringement or for breach of contract against the DotA authors or other third parties.

3    Brief at 9.  However, the issue is only hypothetical, including because DotA has never been

4    distributed commercially (it always has been offered for free), and to the extent any material from

5    DotA is included in Dota 2, Blizzard has consented in writing to any such use.

6            For the reasons set forth in Valve's Opposition, uCool's Motion should be denied.  The

7    Court should not, and need not, address the EULA or its Commercial Use Restriction in order to

8    deny uCool's Motion.

9

10   DATED: April 4, 2017                    KARIN G. PAGNANELLI
                                             MARC E. MAYER
11                                           EMILY F. EVITT
                                             DANIEL A. KOHLER
12                                           MITCHELL SILBERBERG & KNUPP LLP

13

14                                           By:  /s/ Marc E. Mayer
                                                  Marc E. Mayer
15                                                Attorneys for Valve Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8753629.3

3                    CASE NO. 3:15-cv-04084-CRB

**VALVE'S RESPONSE TO UCOOL'S SUPPLEMENTAL BRIEF**