IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LILITH GAMES (SHANGHAI) CO. LTD., et al.,<br><br>Defendants. | Case No. 15-cv-04084-CRB<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT [DKT. 189], GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS [DKT. 197], AND DENYING MOTION TO SEAL [DKT. 199]** |

**1.** Plaintiffs Blizzard Entertainment, Inc. and Valve Corporation ("Plaintiffs") seek to file a second amended complaint. Dkt. 189. Defendants do not oppose. Dkts. 202, 203; see Federal Rule of Civil Procedure 15(a)(2). Accordingly, Plaintiffs' motion is **GRANTED**. The hearing on this matter scheduled for Nov. 17, 2017 is hereby **VACATED**.

**2.** Plaintiffs move to remove certain inadvertently filed documents from the record. Dkt. 197. The motion is **GRANTED**.

**3.** Plaintiffs also move to seal portions of the second amended complaint relating to Defendant uCool's operations. Dkt. 199. uCool has filed a declaration in support of this motion. Dkt. 204 ("Guo Decl."). There is a strong presumption in favor of public access to judicial records. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). "Compelling reasons" must exist to overcome this presumption. Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1177 (9th Cir. 2006). Relevant factors include the public interest in understanding the judicial process and the potential harms occasioned by disclosure, such as "improper use of the material for scandalous or libelous purposes or

infringement upon trade secrets." <u>E.E.O.C. v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990). Here, sealing portions of the second amended complaint would harm the public interest by making it more difficult to understand the allegations in the complaint. Conversely, uCool cites no compelling reasons to seal the complaint, stating only that certain allegations about the company's finances are not currently public and could impair its negotiating position in future contracts. Guo Decl. at 3. This is not the kind of interest the law deems compelling. See <u>E.E.O.C.</u>, 900 F.2d at 170. In any event, uCool fails to explain how making the complaint's allegations public would harm its interests. Therefore, the motion to seal is **DENIED**.

**IT IS SO ORDERED.**

Dated: Nov. 1, 2017

_____
CHARLES R. BREYER
United States District Judge