UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LILITH GAMES (SHANGHAI) CO. LTD., et al., <br><br> Defendants. | Case No. 15-cv-04084-CRB (JSC) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL** <br><br> Re: Dkt. No. 208 |

Plaintiffs seek to compel Lilith to produce documents and answer interrogatories about its "Soul Hunters" game. After reviewing the parties' Joint Discovery Letter Brief (Dkt. No. 208), the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiffs' motion.

Lilith opposes production on the grounds that Plaintiffs have not adequately alleged that Soul Hunters infringes Plaintiffs' copyrights. Plaintiffs contend the first amended complaint, paragraphs 9 and 32, accuse Soul Hunters. Paragraph 9, in the section entitled "The Parties," describes the games Lilith makes, including its popular mobile game known as, among other names, Dota Legends. It then adds: "In addition, Plaintiffs are informed and believe, and on that basis allege, that on or about June 25, 2015, Lilith released in the United States another version of Dota Legends titled 'Soul Hunters.' Soul Hunters is available, among other places, on the Apple App Store and Google Play platform." (Dkt. No. 36 ¶ 9.) Paragraph 32, in the section entitled "Defendants and the Infringing Games, describes "Dot Arena" and states that "Dot Arena is substantively identical to Dota Legends." It does not allege that Soul Hunters is substantively identical to Dota Legends or Dot Arena, but does state "Dota Legends, Dot Arena, and all other versions and permutations of Dota Legends, are referred to collectively as the 'Lilith Games.'"

((Dkt. No. 36 ¶ 32.) Exhibits A through D to the First Amended Complaint include examples of infringement and none include a reference to Soul Hunters.

The Court agrees that the First Amended Complaint does not accuse Soul Hunters of infringement. The amended complaint never states that Soul Hunters--the "other version" of Dota Legends-- is substantially similar to Dota Legends and the complaint exhibits certainly do not do so. Plaintiffs, however, correctly emphasize that the Second Amended Complaint, which was filed by stipulation on November 3, 2017 and then corrected on November 8, 2017, does accuse Soul Hunters of infringement. (Dkt. Nos. 207, 210.) Nonetheless, Lilith represents that it intends to file a motion to dismiss the Soul Hunters allegations "within days." As of the date of this Order it has not done so.

Because the Second Amended Complaint accuses Soul Hunters, and because discovery has been open for some time, the Court would normally grant the motion to compel. The Court observes, however, that Lilith was not required to stipulate to the filing of the Second Amended Complaint; instead, it could have insisted that Plaintiffs file a motion to amend and then have opposed the motion on futility grounds. If it had done so, the Second Amended Complaint would not yet have been filed and the Court would have denied the motion to compel until the Soul Hunters allegations were made a part of the action. The courts in this district prefer that the parties do what was done here: stipulate to the filing of the amended complaint and then move to dismiss. If the Court compels discovery here in this procedural posture, it will discourage defendants from stipulating to the amendment of complaints in the future. Such discouragement is not a good outcome. Further, if Plaintiffs had accused Soul Hunters upon the filing of the original complaint, in all likelihood Lilith would have had the opportunity to challenge the allegations before having to produce discovery. Denying discovery of Soul Hunters until the motion to dismiss is decided merely preserves that opportunity. Further, as there is no fact discovery deadline, Plaintiffs are not prejudiced by this delay.

Accordingly, the motion to compel is DENIED provided Lilith files its motion to dismiss the claims against it arising from the Soul Hunters allegations on or before Friday, November 17, 2017. If no such motion to dismiss is filed by that date, Lilith shall produce the requested

discovery on or before December 8, 2017.

**IT IS SO ORDERED.**

Dated: November 14, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge