# Exhibit A

1  Colin H. Murray (State Bar No. 159142)
    colin.murray@bakermckenzie.com
2  Teresa H. Michaud (State Bar No. 296329)
    teresa.michaud@bakermckenzie.com
3  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA 94111
   Telephone: +1 415 576 3000
5  Facsimile:  +1 415 576 3099

6  W. Barton Rankin (*Admitted Pro Hac Vice*)
    w.rankin@bakermckenzie.com
7  **BAKER & McKENZIE LLP**
   2300 Trammell Crow Center
8  2001 Ross Avenue
   Dallas, Texas 75201
9  Telephone: +1 214 978 3000
   Facsimile:  +1 214 978 3099

10
   Attorneys for Defendant
11 Lilith Games (Shanghai) Co. Ltd.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO DIVISION

16

17 | Blizzard Entertainment, Inc., et al.,          | Case No. 3:15-CV-04084-CRB

18 |         Plaintiffs,                             | **DEFENDANT LILITH'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
19 |    v.                                           | **FIRST SET OF INTERROGATORIES**

20 | Lilith Games (Shanghai) Co. Ltd., et al.,       |
                                                     | **Before:    The Hon. Charles R. Breyer**
21 |         Defendants.                             |

22

23

24

25

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

PROPOUNDING PARTIES: BLIZZARD ENTERTAINMENT, INC., AND VALVE CORPORATION

RESPONDING PARTY: DEFENDANT LILITH GAMES (SHANGHAI) CO. LTD.

SET NUMBER: ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, Lilith Games (Shanghai) Co. Ltd. ("Lilith") hereby responds to the First Set of Interrogatories propounded by the Plaintiffs Blizzard Entertainment Inc., and Valve Corporation (collectively "Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

**1.** Pursuant to the Parties' agreement, these objections and responses are being made to Interrogatories 5-17. Lilith will provide its objections and responses to the remaining interrogatories on or before July 21, 2017.

**2.** As noted in the objections below, Plaintiffs have only accused of infringement in this action the game "Dao Ta Chuan Qi" ("Sword and Tower") as released in markets outside of the United States, including the version of the game that is available through the website www.dotarena.com. Sword and Tower, however, was developed and is electronically maintained on servers located outside of the United States. Because activity occurring outside the United States is not subject to U.S. copyright law and is not the proper subject of this lawsuit, Lilith will limit its responses to information relating to any downloads of that game occurring in the United States. Further, to be clear, Plaintiffs have not accused Lilith's game Soul Hunter of infringement, and as a result, Lilith objects to any request that seeks information concerning that game.

**3.** Lilith makes these Objections and Responses without prejudice to its right to rely on any subsequently discovered documents or information that it does not presently possess or recall.

**4.** Lilith incorporates by reference each and every Objection to Definitions set forth below into each and every specific response as appropriate. From time to time, a specific response may repeat an Objection to Definitions for emphasis or some other reason. The failure to include any Objection to Definitions in any specific response is not intended to be and should not be construed as a waiver or limitation of any Objection to Definitions.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

1

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

5.     Lilith reserves the right to produce or use any documents produced and/or discovered after service of these Objections and Responses in support of, or in opposition to, any motion, in depositions, or at trial.

## OBJECTIONS TO DEFINITIONS

6.     Lilith objects to the definition of "DOTA LEGEND" on the grounds that it is overly broad and unduly burdensome, and seeks documents that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.  For example, Lilith initially released Dao Ta Chuan Qi ("Sword and Tower") in China, and that game has since been released in other parts of the world, other than the United States.  Sword and Tower, including the version available at www.dotarena.com, is the only game that Plaintiffs have accused of infringement, and Lilith will limit its responses accordingly.  Plaintiffs' definition, however, seeks information related to games other than that which is accused.  For example, Plaintiffs seek information related to Lilith's game Soul Hunter, which is different from Sword and Tower.  Lilith, thus, objects to the inclusion of Soul Hunter in the definition of DOTA LEGEND and will not provide documents and information relating to Soul Hunter in response to Plaintiffs' discovery requests.

7.     Lilith objects to the definition of "COMMUNICATION" or "COMMUNICATIONS" as overly broad and unduly burdensome and to the extent it purports to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure. Lilith shall interpret references to this in accordance with the scope of discovery permitted by the Federal Rules of Civil Procedure and the Court's order(s), and without regard to this definition.

## OBJECTIONS TO INSTRUCTIONS

8.     Lilith objects to Plaintiffs' instructions to the extent they require Lilith to take actions and/or respond in a manner that is not required by or is beyond the limits placed on discovery by the Federal Rules of Civil Procedure, including but not limited to, Fed. R. Civ. P. 26(b)(1) and (b)(2)(B).

2

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to, qualified by, and limited by the foregoing, which is incorporated by reference in each of the following Responses to each of the Interrogatories as if set forth in full in Response to each, Lilith specifically objects and/or responds to each of the Interrogatories as follows:

**INTERROGATORY NO. 5:**

For each of the works identified in response to Interrogatory No. 1, state the monthly revenue received by YOU from inception to date, including the source of such revenue, the amount of the revenue, and the territory or territories from which such revenue was derived or received.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue." Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States. Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States. Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States. After conducting such a search and based on facts now know, Lilith has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player. For example, an effective or stable player is one that exceeds level 10. Level 10 is the level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

3

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD.  Thus, any revenues generated and obtained by Lilith resulting from the play of Sword and Tower in the United States would be less than $10,222.29 USD.

**INTERROGATORY NO. 6:**

For each of the works identified in response to Interrogatory No. 1, state the monthly revenue received by any of YOUR publishers, distributors, or business partners from inception to date, including the source of such revenue, the amount of the revenue, and the territory or territories from which such revenue was derived or received.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy.  Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue."  Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States.  Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States.  Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States.  After conducting such a search and based on facts now know, Lilith has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player.  For example, an effective or stable player is one that exceeds level 10.  Level 10 is the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

4

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD. Thus, any revenues generated and obtained by any of Lilith's publishers, distributors, or business partners resulting from the play of Sword and Tower in the United States would be less than $10,222.29 USD.

**INTERROGATORY NO. 7:**

For each of the works identified in response to Interrogatory No. 1, state the monthly revenue paid to any of YOUR publishers, distributors, or business partners from inception to date, including the source of such revenue, the amount of the revenue, and the territory or territories from which such revenue was paid.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue." Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States. Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States. Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States. After conducting such a search and based on facts now know, Lilith

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

5

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player. For example, an effective or stable player is one that exceeds level 10. Level 10 is the level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD. Thus, any revenues generated and obtained by any of Lilith's publishers, distributors, or business partners resulting from the play of Sword and Tower in the United States would be less than $10,222.29 USD.

**INTERROGATORY NO. 8:**

For each of the works identified in response to Interrogatory No. 1, state, on a monthly basis, all of the deductible expenses YOU claim were incurred or paid by YOU from inception to date, including the nature or category of each expense, when each expense was incurred or paid, and the amount of such expenses.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue." Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

6

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States. Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States. Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States. After conducting such a search and based on facts now know, Lilith has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player. For example, an effective or stable player is one that exceeds level 10. Level 10 is the level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD.

This amount, however, is gross revenue and does not take into account costs and expenses incurred by Lilith to develop, advertise, sell, and maintain the game. For example, to create, market, and maintain Sword and Tower, Lilith has incurred the following costs, among others: (1) channel fees to typically Apple and/or Google; (2) fees paid to distributors or publishers of Sword and Tower with whom Lilith has entered into agreements with; (3) advertising and marketing expenses; (4) design and development costs; (5) employee expenses; (6) hardware costs, such as servers; and (7) taxes.

**INTERROGATORY NO. 9:**

For each of the works identified in response to Interrogatory No. 1, state, on a monthly basis, all taxes YOU claim YOU incurred or paid from inception to date, including when they were incurred or paid, and the amount of such taxes.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

7

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue." Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States. Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States. Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States. After conducting such a search and based on facts now know, Lilith has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player. For example, an effective or stable player is one that exceeds level 10. Level 10 is the level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD.

This amount, however, is gross revenue and does not take into account costs and expenses incurred by Lilith to develop, advertise, sell, and maintain the game. For example, to create, market, and maintain Sword and Tower, Lilith has incurred the following costs, among others: (1) channel fees to typically Apple and/or Google; (2) fees paid to distributors or publishers of Sword and Tower with whom Lilith has entered into agreements with; (3) advertising and marketing expenses;

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

8

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

(4) design and development costs; (5) employee expenses; (6) hardware costs, such as servers; and (7) taxes. For additional information responsive to this Interrogatory, Lilith refers Plaintiffs to the documents that have been or will be produced in this lawsuit.

**INTERROGATORY NO. 10:**

For each of the works identified in response to Interrogatory No. 1, state, on a monthly basis, all platform expenses YOU claim were incurred or paid from inception to date, including when each expense was incurred or paid, the amount of the expenses, and the name of the platform by which each expense was incurred.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue." Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States. Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States. Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States. After conducting such a search and based on facts now know, Lilith has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player. For example, an effective or stable player is one that exceeds level 10. Level 10 is the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

9

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD.

This amount, however, is gross revenue and does not take into account costs and expenses incurred by Lilith to develop, advertise, sell, and maintain the game. For example, to create, market, and maintain Sword and Tower, Lilith has incurred the following costs, among others: (1) channel fees to typically Apple and/or Google; (2) fees paid to distributors or publishers of Sword and Tower with whom Lilith has entered into agreements with; (3) advertising and marketing expenses; (4) design and development costs; (5) employee expenses; (6) hardware costs, such as servers; and (7) taxes. For additional information responsive to this Interrogatory, Lilith refers Plaintiffs to the documents that have been or will be produced in this lawsuit.

**INTERROGATORY NO. 11:**

For each of the works identified in response to Interrogatory No. 1, state, on a monthly basis, all of the net profits YOU claim were received by YOU from inception to date, including the territory or territories from which such profits originated.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it is vague and ambiguous with respect to the term "revenue." Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

10

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

As stated in the objections above, Plaintiffs have only accused the game Dao Ta Chuan Qi ("Sword and Tower") of infringement in this lawsuit, and it has only been released in territories outside the United States. Further, that game was entirely developed in China and is entirely maintained and hosted electronically outside of the United States. Lilith has conducted a reasonable search of its records, however, to determine whether any individuals downloaded and played Sword and Tower in the United States. After conducting such a search and based on facts now know, Lilith has identified 104 players who appear to have logged in and played Sword and Tower from the United States and did so such that Lilith considered them, at least at one point, to be an effective or stable player. For example, an effective or stable player is one that exceeds level 10. Level 10 is the level that is achieved by simply passing the beginner's guidance phase of the game. If a player continues to play passed that point, Lilith considers them to be an effective or stable player.

Of these 104 players in the United States, the total amount of in-game purchases from those accounts was 69,301.6 RMB or approximately $10,222.29 USD. Thus, any "net profits" generated and obtained by Lilith resulting from the play of Sword and Tower in the United States would be less than $10,222.29.

**INTERROGATORY NO. 12:**

For each of the works identified in response to Interrogatory No. 1, IDENTIFY all PERSONS that participated in creating any of the audiovisual elements (including, without limitation, the characters, settings, LOCATIONS, icons, artwork, and music) contained in such work, and the responsibilities of each such PERSON, including the specific audiovisual elements that such PERSON participated in creating and the manner in which that PERSON participated.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

11

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

The persons responsible for creating all aspects of Sword and Tower, including the artistic works, character development, and programming include the following individuals:  Wang Xinwen, Yang Xianmin, Shi Qing, Wang Yuanxiang, Wu Di, Zhang Zhenxin, Zhou Bin, Li Yunlong, Jiang Yiqi, Hu Ting, Wang Peng, Zhou Yan, Tan Shiyu, Zheng Lei, Wang Xianggang, and Liu Lu.

**INTERROGATORY NO. 13:**

For each of the works identified in response to Interrogatory No. 1, IDENTIFY every HERO contained within such work, including:

(a) the date on which each HERO was released to the public, and any prior versions of each;

(b) for each HERO, a list of that HERO's "skills," statistics, and special powers as articulated in the game;

(c) every change made to each HERO since it was released to the public; and

(d) a visual depiction of the HERO CARD and HERO SPRITE associated with the HERO or the bates number for any document containing such visual depiction.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy.  Lilith also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

For information responsive to this Interrogatory, Lilith refers Plaintiffs to the documents that have been or will be produced in this lawsuit, including but not limited to those located at LILITH0000001-0001826.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

12

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 14:**

For each of the works identified in response to Interrogatory No. 1, IDENTIFY every LOCATION contained within such work, including the name and visual depiction or representation of the LOCATION.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

For information responsive to this Interrogatory, Lilith refers Plaintiffs to the documents that have been or will be produced in this lawsuit, including but not limited to those located at LILITH0000001-0001826.

**INTERROGATORY NO. 15:**

For each of the works identified in response to Interrogatory No. 1, IDENTIFY every ICON contained within such work, including the name and visual depiction or representation of the ICON.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

13

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

For information responsive to this Interrogatory, Lilith refers Plaintiffs to the documents that have been or will be produced in this lawsuit, including but not limited to those located at LILITH0000001-0001826.

**INTERROGATORY NO. 16:**

IDENTIFY every PERSON or entity to which YOU issued a license to market, distribute, or sell copies of DOTA LEGEND to the public.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to the definition of DOTA LEGEND as vague and ambiguous and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

For information responsive to this Interrogatory, Lilith has entered into agreements for the marketing, distributing, and/or selling of Sword and Tower with the following entities: Apple, Inc., Google, Beijing Zhong Qing Long Tu Network Technology Co., Kunlun Europe Limited, Funplus Interactive, and Gaea Mobile.

**INTERROGATORY NO. 17:**

IDENTIFY every agreement between YOU and any other PERSON or entity by which such PERSON or entity published, distributed, marketed, promoted, or advertised DOTA LEGEND.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith objects to the definition of DOTA LEGEND as vague

14

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

and ambiguous and seeks information that is not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith further objects to this Interrogatory on the grounds that it is cumulative and duplicative of Plaintiffs' previous discovery requests, including but not limited to Interrogatory No. 16. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

For information responsive to this Interrogatory, Lilith has entered into agreements for the publishing, distribution, promotion, and/or advertising of Sword and Tower with the following entities: Apple, Inc., Google, Beijing Zhong Qing Long Tu Network Technology Co., Kunlun Europe Limited, Funplus Interactive, and Gaea Mobile.

Dated: July 12, 2017

**BAKER & McKENZIE LLP**
Colin H. Murray
Teresa H. Michaud

**BAKER & McKENZIE LLP**
W. Barton Rankin

By: /s/ Bart Rankin
    Bart Rankin
Attorneys for Defendant
Lilith Games (Shanghai) Co. Ltd.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2017, a true and correct copy of Lilith's Response and Objections to Plaintiffs' First Set of Interrogatories to Lilith was served on Plaintiffs' and Defendant uCool's counsel of record at the following e-mail addresses pursuant to the parties' agreement concerning electronic service:

Karin Pagnanelli -- KGP@msk.com – counsel of record for Plaintiffs

Claude Stern -- claudestern@quinnemanuel.com – counsel of record for uCool, Inc.

            */s/ W. Barton Rankin*
            W. Barton Rankin

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

864538-v1\DALDMS

16

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

1  Colin H. Murray (State Bar No. 159142)
   colin.murray@bakermckenzie.com
2  Teresa H. Michaud (State Bar No. 296329)
   teresa.michaud@bakermckenzie.com
3  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA 94111
   Telephone: +1 415 576 3000
5  Facsimile:  +1 415 576 3099

6  W. Barton Rankin (*Admitted Pro Hac Vice*)
   w.rankin@bakermckenzie.com
7  **BAKER & McKENZIE LLP**
   2300 Trammell Crow Center
8  2001 Ross Avenue
   Dallas, Texas 75201
9  Telephone:  +1 214 978 3000
   Facsimile:  +1 214 978 3099
10
   Attorneys for Defendant
11 Lilith Games (Shanghai) Co. Ltd.

12
13              UNITED STATES DISTRICT COURT
14              NORTHERN DISTRICT OF CALIFORNIA
15              SAN FRANCISCO DIVISION
16

17 | Blizzard Entertainment, Inc., et al., | Case No. 3:15-CV-04084-CRB |
18 | Plaintiffs,                           | **VERIFICATION OF JI XIAOJUN** |
19 | v.                                    | Before:  The Hon. Charles R. Breyer |
20 | Lilith Games (Shanghai) Co. Ltd., et al., | |
21 | Defendants.                           | |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

CASE NO. 3:15-cv-04084-CRB
LILITH'S VERIFICATION OF JI XIAOJUN

|   |   |
|---|---|
| 1 | PROPOUNDING PARTIES: BLIZZARD ENTERTAINMENT, INC., AND VALVE CORPORATION |
| 2 | RESPONDING PARTY:   DEFENDANT LILITH GAMES (SHANGHAI) CO. LTD. |
| 3 | SET NUMBER:   ONE |

1. My name is Ji Xiaojun, and I am over the age of twenty-one (21) years, of sound mind, and fully competent to testify in this cause.

2. I am currently employed by Lilith Games (Shanghai) Co. Ltd ("Lilith"). I am employed in Lilith's legal department, and I have personal knowledge concerning the development, maintenance, and revenues generated by Dao Ta Chuan Qi ("Sword and Tower"). As a result, I have personal knowledge that all facts set forth in this declaration are true and correct to the best of my knowledge.

3. I have reviewed the factual allegations set forth in Lilith's responses to Interrogatory Nos. 5-17, and to the best of my current knowledge, those statements are true and correct.

Under the laws of the United States, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: 2017.7.14

_____
Ji Xiaojun
Lilith Games (Shanghai) Co. Ltd.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

1

CASE NO. 3:15-cv-04084-CRB
LILITH'S VERIFICATION OF JI XIAOJUN