# Exhibit B

Colin H. Murray (State Bar No. 159142)
  colin.murray@bakermckenzie.com
Teresa H. Michaud (State Bar No. 296329)
  teresa.michaud@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

W. Barton Rankin (*Admitted Pro Hac Vice*)
  w.rankin@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  +1 214 978 3000
Facsimile:   +1 214 978 3099

Attorneys for Defendant
Lilith Games (Shanghai) Co. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>Lilith Games (Shanghai) Co. Ltd., et al.,<br><br>            Defendants. | Case No. 3:15-CV-04084-CRB<br><br>**DEFENDANT LILITH'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (ROGS 1-4)**<br><br>**Before:**     The Hon. Charles R. Breyer |

PROPOUNDING PARTIES: BLIZZARD ENTERTAINMENT, INC., AND VALVE CORPORATION

RESPONDING PARTY:    DEFENDANT LILITH GAMES (SHANGHAI) CO. LTD.

SET NUMBER:    ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, Lilith Games (Shanghai) Co. Ltd. ("Lilith") hereby responds to the First Set of Interrogatories propounded by the Plaintiffs Blizzard Entertainment Inc., and Valve Corporation (collectively "Plaintiffs") as follows:

### PRELIMINARY STATEMENT

**1.** Pursuant to the Parties' agreement, these objections and responses are being made to Interrogatories 1-4. Lilith previously served its objections and responses to the remaining Interrogatories on July 13, 2017.

**2.** As noted in the objections below, Plaintiffs have only accused of infringement in this action the game "Dao Ta Chuan Qi" ("Sword and Tower") as released in markets outside of the United States, including the version of the game that is available through the website www.dotarena.com. Sword and Tower, however, was developed and is electronically maintained on servers located outside of the United States. Because activity occurring outside the United States is not subject to U.S. copyright law and is not the proper subject of this lawsuit, Lilith will limit its responses to information relating to any downloads of that game occurring in the United States. Further, to be clear, Plaintiffs have not accused Lilith's game Soul Hunter of infringement, and as a result, Lilith objects to any request that seeks information concerning that game.

**3.** Lilith makes these Objections and Responses without prejudice to its right to rely on any subsequently discovered documents or information that it does not presently possess or recall.

**4.** Lilith incorporates by reference each and every Objection to Definitions set forth below into each and every specific response as appropriate. From time to time, a specific response may repeat an Objection to Definitions for emphasis or some other reason. The failure to include any Objection to Definitions in any specific response is not intended to be and should not be construed as a waiver or limitation of any Objection to Definitions.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

865395-v1\DALDMS

1

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

1  **5.** Lilith reserves the right to produce or use any documents produced and/or discovered after service of these Objections and Responses in support of, or in opposition to, any motion, in depositions, or at trial.

### OBJECTIONS TO DEFINITIONS

**6.** Lilith objects to the definition of "DOTA LEGEND" on the grounds that it is overly broad and unduly burdensome, and seeks documents that are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. For example, Lilith initially released Dao Ta Chuan Qi ("Sword and Tower") in China, and that game has since been released in other parts of the world, other than the United States. Sword and Tower, including the version available at www.dotarena.com, is the only game that Plaintiffs have accused of infringement, and Lilith will limit its responses accordingly. Plaintiffs' definition of DOTA LEGEND, however, seeks information related to games that have not been accused and are not at issue. For example, Plaintiffs seek information related to Lilith's game Soul Hunter, which is different from Sword and Tower and not at issue in this lawsuit. Lilith, thus, objects to the inclusion of Soul Hunter in the definition of DOTA LEGEND and will not provide documents and information relating to Soul Hunter in response to Plaintiffs' discovery requests.

**7.** Lilith objects to the definition of "COMMUNICATION" or "COMMUNICATIONS" as overly broad and unduly burdensome and to the extent it purports to impose obligations beyond those contemplated by the Federal Rules of Civil Procedure. Lilith shall interpret references to this in accordance with the scope of discovery permitted by the Federal Rules of Civil Procedure and the Court's order(s), and without regard to this definition.

### OBJECTIONS TO INSTRUCTIONS

**8.** Lilith objects to Plaintiffs' instructions to the extent they require Lilith to take actions and/or respond in a manner that is not required by or is beyond the limits placed on discovery by the Federal Rules of Civil Procedure, including but not limited to, Fed. R. Civ. P. 26(b)(1) and (b)(2)(B).

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

865395-v1\DALDMS

2

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to, qualified by, and limited by the foregoing, which is incorporated by reference in each of the following Responses to each of the Interrogatories as if set forth in full in Response to each, Lilith specifically objects and/or responds to each of the Interrogatories as follows:

**INTERROGATORY NO. 1:**

IDENTIFY each version, iteration, re-skin, or derivative work of DOTA LEGEND that YOU created, published, distributed; authorized to be created, published and/or distributed; or in whose creation, publication, or distribution YOU participated.

**RESPONSE:**

Lilith objects to the definition of DOTA LEGEND as overly broad and unduly burdensome, vague and ambiguous, and seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this interrogatory on the grounds that it is vague and ambiguous with respect to the terms "version," "iteration," "re-skin," and/or "derivative." Lilith further objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Lilith first created and released the game Dao Ta Chuan Qi ("Sword and Tower") in China in 2014. Lilith has since released Sword and Tower in other territories outside of the United States. For example, Sword and Tower was released as Dot Arena in Southeast Asia through the website www.dotarena.com on August 8, 2014. Lilith has also released Sword and Tower in Taiwan, Japan, Europe, Vietnam, and South Korea. With respect to Dot Arena, which is the version of Sword and Tower that Plaintiffs have accused in this action, an updated version was released on November 18, 2016. Further, it should be noted that, because of the lack of revenue being generated by Dot Arena, it will be taken offline on or about August 7, 2017.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

865395-v1\DALDMS

3

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 2:**

For each of the works identified in response to Interrogatory No. 1, IDENTIFY the PERSONS or entities responsible for the publication, distribution, and marketing of the work, and the territory or territories in which each PERSON or entity operates or possesses publication, marketing, and distribution rights.

**RESPONSE:**

Lilith objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory on the basis that it is cumulative and duplicative of Plaintiffs' other discovery requests. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Lilith has entered into agreements, directly or indirectly, with Apple and/or Google for the distribution of Sword and Tower in China, Taiwan, Southeast Asia, Europe, Japan and Vietnam. In each of those territories, Lilith has also entered into agreements for the distribution and/or advertising of Sword and Tower. The entities that Lilith has entered such agreements with are listed as follows by territory:

Europe – Kunlun Europe, Inc.;

Southeast Asia – Funplus Interactive;

South Korea and Japan – Gaea Mobile; and

China and Taiwan – Long Tu Network Technology Co.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

865395-v1\DALDMS

4

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 3:**

For each of the works identified in response to Interrogatory No. 1, state, on a monthly basis, the number of downloads of each such work, the territory from which each of those downloads originated, and the IP address from which each download originated.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith further objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory to the extent it seeks information that is protected from disclosure by any applicable data privacy laws and/or any other applicable privileges or protections. Lilith also objects to this Interrogatory on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Lilith refers Plaintiffs to the documents that have been and will be produced in this litigation, including but not limited to, LILITH0001827.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

865395-v1\DALDMS

5

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 4:**

For each of the works identified in response to Interrogatory No. 1, state, on a monthly basis, the number of in-game purchases of each such work, the territory from which each of those purchases originated, and the IP address from which each purchase originated.

**RESPONSE:**

Lilith objects to this Interrogatory on the grounds that is overly broad and unduly burdensome and in violation of Federal Rule of Civil Procedure 26(b)(1), especially when considering the amount in controversy. Lilith further objects to this Interrogatory to the extent it seeks information that is not relevant to the subject of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Lilith also objects to this Interrogatory to the extent it seeks information that is protected from disclosure by any applicable data privacy laws and/or any other applicable privileges or protections. Lilith also objects to this Interrogatory on the grounds that it is cumulative and duplicative of Plaintiffs' other discovery requests. Subject to and without waiving the foregoing objections, Lilith responds to this Interrogatory as follows:

Lilith refers Plaintiffs to the documents that have been and will be produced in this litigation, including but not limited to, LILITH0001827.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

865395-v1\DALDMS

6

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Dated: July 21, 2017

**BAKER & McKENZIE LLP**
Colin H. Murray
Teresa H. Michaud

**BAKER & McKENZIE LLP**
W. Barton Rankin

By: /s/ Bart Rankin
    Bart Rankin
    Attorneys for Defendant
    Lilith Games (Shanghai) Co. Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2017, a true and correct copy of Lilith's Response and Objections to Plaintiffs' First Set of Interrogatories to Lilith was served on Plaintiffs' and Defendant uCool's counsel of record at the following e-mail addresses pursuant to the parties' agreement concerning electronic service:

Karin Pagnanelli -- KGP@msk.com – counsel of record for Plaintiffs

Claude Stern -- claudestern@quinnemanuel.com – counsel of record for uCool, Inc.

*/s/ W. Barton Rankin*
W. Barton Rankin

7

CASE NO. 3:15-cv-04084-CRB
LILITH'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

865395-v1\DALDMS

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

| | |
|---|---|
| 1 | Colin H. Murray (State Bar No. 159142) |
|   | colin.murray@bakermckenzie.com |
| 2 | Teresa H. Michaud (State Bar No. 296329) |
|   | teresa.michaud@bakermckenzie.com |
| 3 | **BAKER & McKENZIE LLP** |
|   | Two Embarcadero Center, 11th Floor |
| 4 | San Francisco, CA 94111 |
|   | Telephone: +1 415 576 3000 |
| 5 | Facsimile:  +1 415 576 3099 |
| 6 | W. Barton Rankin (*Admitted Pro Hac Vice*) |
|   | w.rankin@bakermckenzie.com |
| 7 | **BAKER & McKENZIE LLP** |
|   | 2300 Trammell Crow Center |
| 8 | 2001 Ross Avenue |
|   | Dallas, Texas 75201 |
| 9 | Telephone:  +1 214 978 3000 |
|   | Facsimile:  +1 214 978 3099 |
| 10 | |
| 11 | Attorneys for Defendant |
|   | Lilith Games (Shanghai) Co. Ltd. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., et al., | Case No. 3:15-CV-04084-CRB |
| Plaintiffs, | **VERIFICATION OF JI XIAOJUN** |
| v. | |
| Lilith Games (Shanghai) Co. Ltd., et al., | **Before:**   The Hon. Charles R. Breyer |
| Defendants. | |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

CASE NO. 3:15-cv-04084-CRB
LILITH'S VERIFICATION OF JI XIAOJUN

| | |
|---|---|
| 1 | PROPOUNDING PARTIES: BLIZZARD ENTERTAINMENT, INC., AND VALVE CORPORATION |
| 2 | |
| 3 | RESPONDING PARTY:   DEFENDANT LILITH GAMES (SHANGHAI) CO. LTD. |
| 4 | SET NUMBER:   ONE |

1. My name is Ji Xiaojun, and I am over the age of twenty-one (21) years, of sound mind, and fully competent to testify in this cause.

2. I am currently employed by Lilith Games (Shanghai) Co. Ltd ("Lilith"). I am employed in Lilith's legal department, and I have personal knowledge concerning the development, maintenance, and revenues generated by Dao Ta Chuan Qi ("Sword and Tower"). As a result, I have personal knowledge that all facts set forth in this declaration are true and correct to the best of my knowledge.

3. I have reviewed the factual allegations set forth in Lilith's responses to Interrogatory Nos. 1-4, and to the best of my current knowledge, those statements are true and correct.

Under the laws of the United States, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: 2017.7.21

_____
Ji Xiaojun
Lilith Games (Shanghai) Co. Ltd.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 1 415 576 3000

1

CASE NO. 3:15-cv-04084-CRB
LILITH'S VERIFICATION OF JI XIAOJUN