# Exhibit C

**EXHIBIT C**

To state a claim for copyright infringement, the plaintiff must first allege sufficient facts demonstrating that a portion of its work(s) are protectable under copyright law. (Ct.'s Order Granting Mot. to Dismiss at 7, ECF No. 35) (holding that to the extent Plaintiffs allege copying of "Plaintiffs characters as well as 'settings, terrain, background art, and other assets,' Plaintiffs must also demonstrate the copyrightability of these elements";) *Capcome U.S.A., Inc. v. Data E. Corp.*, No. C 93-3259 WHO, 1994 U.S. Dist. LEXIS 5306, at *8, 25-35 (N.D. Cal. Mar. 16, 1994). In other words, to accuse Lilith's game Soul Hunters of infringing upon characters from Plaintiffs' games, Plaintiffs were required to first plead facts demonstrating what elements from their won alleged characters constitute protectable expression, separated from unprotectable elements. *See Capcome U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *14-15. After pleading facts identifying what elements are allegedly subject to copyright protection, Plaintiffs were required to plead facts plausibly demonstrating that the character(s) from Soul Hunters copied the allegedly protectable elements. *Id.* Moreover, to claim that a character from a video game is subject to copyright protection in the first instance, the Ninth Circuit has held that the plaintiff must demonstrate that "(1) 'the character must generally have physical as well as conceptual qualities,' (2) 'the character must be sufficiently delineated to be recognizable as the same character whenever it appears . . . [c]onsidering the character as it has appeared in different productions, it must display consistent, identifiable character traits and attributes, although the character need not have a consistent appearance,' and (3) 'the character must be especially distinctive and contain some unique elements of expression.'" (Ct.'s Order Granting Mot. to Dismiss at 7-8, ECF No. 35) (quoting *DC Comics v. Towle*, 802 F.3d 1012, 1021 (9th Cir. 2015).

Plaintiffs Exhibit A presents only the bare images set forth below as it relates to Lilith's game Soul Hunters. These images alone fail to state or support a claim of copyright infringement.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876180-v1\DALDMS

| Blizzard's Alleged Game "Heroes of the Storm" | Lilith's Game Soul Hunters |
|---|---|
| <br>"Muradin Bronzebeard" from Heroes of the Storm<br> |  <br>"Torsen" from Soul Hunters<br>(Sprite and Hero Card) |

Blizzard does not make any factual allegations demonstrating that any expressive elements from its alleged character "Muradin Bronzebeard" are subject to copyright protection. Without making such a demonstration, it cannot be determined whether the copyrightable elements have been plausibly copied. *See Gorski v. Gymboree Corp.*, No. 14:-cv-01314-LHK, 2014 U.S. Dist. LEXIS 97816, at *15-16 (N.D. Cal. Jul. 16, 2014). For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's three-part test for determining whether a character is entitled to copyright protection. (*See id.*) Thus, these images set forth in Exhibit A are insufficient, collectively or individually, to state or support a claim of copyright infringement against Soul Hunters.

While the Court need go no further in its analysis, it is also readily apparent that numerous

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

2

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876180-v1\DALDMS

significant differences exist between the character from Blizzard's alleged game Heroes of the Storm and Torsen from Lilith's game Soul Hunters. For example, the helmet and body armor worn by the characters is different in virtually every respect, including the shape and color scheme that is used. Further, perhaps the only potentially distinctive elements from Blizzard's character is that he is carrying an axe with a glowing blue "M" in the center. Lilith's character, on the other hand, does not carry an axe at all, much less one with a glowing blue "M." Rather, in contrast to the Blizzard character, Lilith's character carries a round shield and a wooden hammer with his face carved into the top. There is simply no credible argument that the Second Amended Complaint states a claim of copyright infringement against Soul Hunters based on these images. *See Capcom U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *48.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

3

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876180-v1\DALDMS

| Blizzard's Alleged Game<br>World of Warcraft | Alleged Facebook Advertisement |
|---|---|
| "Illidan Stormrage" from World of Warcraft | <br>Facebook ad for Soul Hunters |

In the body of the SAC, Blizzard describes its character "Illidan Stormrage" as follows:

> Illidan was born a Night Elf, but was blinded and transformed into a half-night-elf-half-demon of tremendous power. Illidan is usually depicted as a muscular purpleskinned night elf with long black hair and intricate tattoos (arcane and tribal in appearance) adorning his torso and arms. He does not wear a shirt, and wears long frayed pants and a loin cloth, with bare feet. He is blind, and wears a blindfold covering his eye sockets, which often radiate light through the blindfold. He wields two long, distinct, bladed weapons, and fights using extreme agility and speed. Illidan also is frequently depicted in his "demon form." In this form, he retains most of his appearance as a blinded night demon hunter, but has two long, curved horns growing from his head, and two long, frayed, bat-like wings. His legs also resemble those of a goat from the knees down.

(SAC ¶ 10(b), ECF No. 210.)  Tellingly, however, there is no corresponding allegation that this character appears in any form, much less a substantially similar one, within the game Soul Hunters. Plaintiffs unquestionably have access to the game Soul Hunters and have been able to present images from other characters as they allegedly appear within the game. But Plaintiff did not present an allegedly corresponding character in this instance. Simply pointing to a single alleged Facebook advertisement without any surrounding factual allegations is not sufficient to state a claim that the actual game Soul Hunters copied the entirety of any of Blizzard's games. *See Capcom U.S.A., Inc.*,

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1994 U.S. Dist. LEXIS 5306, at *48.  Moreover, the image from the alleged Facebook advertisement included within Exhibit A to the SAC does not have a number of the allegedly distinctive features from Blizzard's alleged character, including but not limited to, the frayed bat-like wings, loin cloth, bare feet, goat legs, and intricate tattoos.  *See Id* at *26-36.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

5

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876180-v1\DALDMS

| Blizzard's Alleged Games<br>Warcraft 3 and World of Warcraft | Lilith's Game<br>Soul Hunters |
|---|---|
| "Infernal" from Warcraft 3<br><br>"Infernal" from World of Warcraft | "Crusher" from Soul Hunters<br>(Hero Card and Sprite) |

Blizzard does not make any factual allegations demonstrating that any expressive elements from its alleged character "Infernal" are subject to copyright protection. Without making such a demonstration, it cannot be determined whether the copyrightable elements have been plausibly copied. *See Gorski v. Gymboree Corp.*, No. 14:-cv-01314-LHK, 2014 U.S. Dist. LEXIS 97816, at *15-16 (N.D. Cal. Jul. 16, 2014). For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's three-part test for determining whether a character is entitled to copyright protection. (*See id.*) Thus, these images set forth in Exhibit A are insufficient, collectively or individually, to state a claim of copyright infringement against Soul Hunters.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

6

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876180-v1\DALDMS

While the Court need go no further in its analysis, it is also readily apparent that numerous significant differences exist between the character from Blizzard's alleged games and Crusher from Lilith's game Soul Hunters. For example, the Blizzard character has a very small head as compared to the rest of his body. On the other hand, Lilith's character has a large head and hands that are proportionate. Further, Lilith's character has a distinctive spiral design in the center of his forehead and forearms that is absent from Blizzard's alleged character. There is simply no credible argument that the Second Amended Complaint states a claim of copyright infringement against Soul Hunters as a whole based on these images. *See Capcom U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *48.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

7

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876180-v1\DALDMS