# Exhibit D

# EXHIBIT D

To state a claim for copyright infringement, the plaintiff must first allege sufficient facts demonstrating that a portion of its work(s) are protectable under copyright law. (Ct.'s Order Granting Mot. to Dismiss at 7, ECF No. 35) (holding that to the extent Plaintiffs allege copying of "Plaintiffs characters as well as 'settings, terrain, background art, and other assets,' Plaintiffs must also demonstrate the copyrightability of these elements";) *Capcome U.S.A., Inc. v. Data E. Corp.*, No. C 93-3259 WHO, 1994 U.S. Dist. LEXIS 5306, at *8, 25-35 (N.D. Cal. Mar. 16, 1994). In other words, to accuse Lilith's game Soul Hunters of infringing upon characters from Plaintiffs' games, Plaintiffs were required to first plead facts demonstrating what elements of their own alleged characters constitute protectable ***expression***, separated from unprotectable elements. *See Capcome U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *14-15. Further, regarding any alleged special skills or abilities attributable to Plaintiffs' alleged characters, it is axiomatic that the idea or concept underlying a character's special ability or skill is not protectable. *See DaVinci Editrice S.R.L. v. Ziko Games, LLC*, 183 F. Supp. 3d 820, 825, 833 (S.D. Tex. 2016); *Capcome U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *43-46. Rather, it is only the expression of these special moves that may be the subject of copyright protection. *Capcome U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *43-46. Thus, for Valve to rely upon the special moves of one or more characters, it was incumbent on Valve to assert facts showing how these special moves are expressed in DotA and/or Dota 2, as well as how the expressions from Soul Hunters are substantially similar to any allegedly protectable elements. (Ct.'s Order of 12/8/15, ECF No. 35.) Valve's Exhibit B falls short.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

1

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

| Valve's Alleged Games<br>DotA and Dota 2 | Lilith's Game<br>Soul Hunters |
|---|---|
| <br><br>"Aiushtha the Enchantress" as featured in DotA and Dota 2<br><br>Aiushtha the Enchantress is a half-deer-half-woman ranged hero who uses a javelin to attack her opponents.<br><br>Her in-game skills include the abilities to (1) charm her enemies, reducing their effectiveness in combat; (2) take control of enemy units, forcing them to fight for her team; (3) heal her teammates using nature magic; and (4) empower her javelin to deliver an especially strong ranged attack. | <br><br>"Flora" from Soul Hunters<br>Flora is a half-deer-half-woman "back line" hero who uses a magic staff to attack her opponents.<br><br>Her in-game skills include the abilities to (1) blind her enemies, reducing their effectiveness in combat; (2) take control of enemy units, forcing them to fight for her team; (3) heal her teammates using nature magic; and (4) reducing the magic damage suffered by her team. |

Valve does not make any factual allegations demonstrating that any expressive elements from its alleged character "Aiushtha the Enchantress" are subject to copyright protection. Similarly, Plaintiffs have only listed in narrative form the alleged special skills that are performed by this character with no factual allegations demonstrating how such skills are expressed. Without making such a demonstration, it cannot be determined whether any alleged copyrightable elements have been plausibly copied. *See Gorski v. Gymboree Corp.*, No. 14:-cv-01314-LHK, 2014 U.S. Dist. LEXIS 97816, at *15-16 (N.D. Cal. Jul. 16, 2014). For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's three-part test for determining whether a character is entitled to copyright protection. (*See id.*) In fact, looking at the images from the unidentified version of DotA and Dota 2, this character appears to be presented in a very

2

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

different manner even within Valve's own alleged games, which, if anything, demonstrates that the character is not subject to copyright protection. *See DC Comics v. Towle*, 802 F.3d 1012, 1021-22 (9th Cir. 2015). Thus, these images set forth in Exhibit B are insufficient, collectively or individually, to state or support a claim of copyright infringement against Soul Hunters.

While the Court need go no further in its analysis, it is also readily apparent that numerous significant differences exist between the visual depiction of these characters as shown in Exhibit B to the SAC. For example, in contrast to Valve's alleged character, Lilith's character is carrying a magical staff that is in the shape of a flower at the top. Further, Lilith's character has short, blonde hair that is ornamented with a leaf, large eyes and smiling face, and a long bushy tail. None of those features are found in either depiction of Valve's allegedly corresponding character. While there are certainly other obvious differences, there is simply no credible argument that the Second Amended Complaint states or supports a claim of copyright infringement against Soul Hunters based on these images. *See Capcom U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 5306, at *48.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

3

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

| Valve's Alleged Games<br>DotA and Dota 2 | Lilith's Game<br>Soul Hunters |
|---|---|
| <br><br>"Mirana" as depicted in DotA and Dota 2<br><br>Mirana is an elf-like female ranged hero (depicted as a Night Elf in DotA) who rides a white saber-toothed-tiger-like cat. Mirana uses a bow and arrow to attack her foes from a distance, and calls upon the power of the moon and stars to unleash damaging magical attacks.<br><br>Her in-game skills include the abilities to: (1) call down a meteor shower to damage nearby enemies; (2) fire a magically imbued arrow which causes damage and stuns its target; (3) leap to safety, in the process empowering her teammates with bonus attack and movement speed; and (4) call upon the power of the moon, turning her allies invisible temporarily. | <br><br>"Embrael" from Soul Hunters<br><br>Embrael is an elf-like female ranged hero who rides a white saber-toothed-tiger-like cat. White Tiger uses a bow and arrow to attack her foes from a distance, and calls upon the power of the moon and stars to unleash damaging magical attacks.<br><br>Her in-game skills include the abilities to: (1) call down a meteor shower to damage nearby enemies; (2) fire a magically imbued arrow which causes damage and stuns its target; (3) leap into battle, in the process empowering her teammates with bonus attack and movement speed; and (4) call upon the power of the moon, improving the "Physical Pierce Rating" of her teammates. |

Valve does not make any factual allegations demonstrating that any expressive elements from its alleged character "Mirana" are subject to copyright protection. Similarly, Plaintiffs have only listed in narrative form the alleged special skills that are performed by this character with no factual allegations demonstrating how such skills are expressed. Without making such a demonstration, it cannot be determined whether any alleged copyrightable elements have been plausibly copied. *See Gorski*, 2014 U.S. Dist. LEXIS 97816, at *15-16. For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's three-part test for determining

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

whether a character is entitled to copyright protection.  (*See id.*)  In fact, looking at the images from the unidentified version of DotA and Dota 2, this character appears to be presented in a very different manner even within Valve's own alleged games, which, if anything, demonstrates that the character is not subject to copyright protection.  *See DC Comics*, 802 F.3d at 1021-22.  Thus, these images set forth in Exhibit B are insufficient, collectively or individually, to state or support a claim of copyright infringement against Soul Hunters.

While the Court need go no further in its analysis, it is also readily apparent that numerous significant differences exist between the visual depiction of these characters as shown in Exhibit B to the SAC.  For example, in addition to having very different names, the following features from Lilith's character are wholly absent from either of the images from Valve's alleged games:  Lilith's character is depicted with long brown hair, a bluish, diamond headband, a drawn bow and arrow, a blue or purple, bikini-type outfit, and is riding a kitten with a round happy face.  In other words, virtually every aspect of Lilith's character is different from either image of Valve's alleged character.  And thus, these images cannot plausibly support a claim of copyright infringement.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

5

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

| Valve's Alleged Games<br>DotA and Dota 2 | Lilith's Game<br>Soul Hunters |
|---|---|
|  <br>"Davion the Dragon Knight" from DotA and Dota 2<br><br>Davion the Dragon Knight is an armored melee hero that uses his sword, shield, and dragon abilities to attack his foes.<br><br>His in-game skills include the abilities to: (1) take the form of a dragon, enhancing his other abilities, and increasing his attack power; (2) breathe dragonfire on nearby enemies that damages them and briefly reduces their attack power; (3) bash an enemy with his shield, both stunning and damaging them, the range of which is increased while in dragon form; and (4) activate his dragon blood that improves his health regeneration and strengthens his armor. | <br>"Magdor" from Soul Hunters<br><br>Magdor is an armored melee hero that uses his sword, shield, and dragon abilities to attack his foes.<br><br>His in-game skills include the abilities to: (1) take the form of a dragon, enhancing his other abilities, and increasing his attack power; (2) breathe dragonfire on nearby enemies that damages them; (3) bash an enemy with his shield, both stunning and damaging them; and (4) activate his dragon blood that strengthens his armor. |

Valve does not make any factual allegations demonstrating that any expressive elements from its alleged character "Davion the Dragon Knight" are subject to copyright protection. Similarly, Plaintiffs have only listed in narrative form the alleged special skills that are performed by this character with no factual allegations demonstrating how such skills are expressed. Without making such a demonstration, it cannot be determined whether any alleged copyrightable elements have been plausibly copied. *See Gorski*, 2014 U.S. Dist. LEXIS 97816, at *15-16. For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's three-part test for determining whether a character is entitled to copyright protection. (*See id.*) In

6

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

fact, looking at the images from the unidentified version of DotA and Dota 2, this character appears to be presented in a very different manner even within Valve's own alleged games, which, if anything, demonstrates that the character is not subject to copyright protection. *See DC Comics v. Towle*, 802 F.3d 1012, 1021-22 (9th Cir. 2015). Thus, these images set forth in Exhibit B are insufficient, collectively or individually, to state or support a claim of copyright infringement against Soul Hunters.

While the Court need go no further in its analysis, it is also readily apparent that numerous significant differences exist between the visual depiction of these characters as shown in Exhibit B to the SAC. For example, in addition to having very different names, the following features from Lilith's character are wholly absent from either of the images from Valve's alleged games: Lilith's character is depicted with silver and gold armor, gold wing shaped extensions from his helmet, gold eyes, two black horns protruding from his chest, an elongated shield, and curved silver and gold sword. In other words, virtually every aspect of Lilith's character is different from either image of Valve's alleged character. And thus, these images cannot plausibly support a claim of copyright infringement.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

7

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

| Valve's Alleged Games<br>DotA and Dota 2 | Lilith's Game<br>Soul Hunters |
|---|---|
|  <br>"Mortred the Phantom Assassin" from DotA and Dota 2<br><br>Mortred is a female melee assassin hero that uses assassin techniques and stealthy movement to attack her foes.<br><br>Her in-game skills include the abilities to: (1) teleport to an enemy unit, receiving bonus attack speed via a "Phantom Strike;" (2) throw a dagger that causes major damage to its target; (3) increase her ability to evade incoming enemy attacks by "blurring" her body; and (4) "refine" her attack abilities through a "Coup de Grace,", increasing her chance to inflict critical strikes. | <br>"Nightshade" from Soul Hunters<br><br>Nightshade is a female "middle-line" melee assassin hero that uses assassin techniques and stealthy movement to attack her foes.<br><br>Her in-game skills include the abilities to: (1) teleport to an enemy unit, receiving bonus attack speed and damage; (2) throw shurikens that causes damage to its target; (3) increase her ability to evade incoming enemy attacks by "distorting" her body; and (4) increase her critical hit damage. |

Valve does not make any factual allegations demonstrating that any expressive elements from its alleged character "Mortred the Phantom Assassin" are subject to copyright protection. Similarly, Plaintiffs have only listed in narrative form the alleged special skills that are performed by this character with no factual allegations demonstrating how such skills are expressed. Without making such a demonstration, it cannot be determined whether any alleged copyrightable elements have been plausibly copied. *See Gorski*, 2014 U.S. Dist. LEXIS 97816, at *15-16. For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

8

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

three-part test for determining whether a character is entitled to copyright protection. (*See id.*) In fact, looking at the images from the unidentified version of DotA and Dota 2, this character appears to be presented in a very different manner even within Valve's own alleged games, which, if anything, demonstrates that the character is not subject to copyright protection. *See DC Comics v. Towle*, 802 F.3d 1012, 1021-22 (9th Cir. 2015). Thus, these images set forth in Exhibit B are insufficient, collectively or individually, to state or support a claim of copyright infringement against Soul Hunters.

While the Court need go no further in its analysis, it is also readily apparent that numerous significant differences exist between the visual depiction of these characters as shown in Exhibit B to the SAC. For example, in addition to having very different names, the following features from Lilith's character are wholly absent from either of the images from Valve's alleged games: Lilith's character is depicted with a blue helmet with a diamond, long blue or purple hair, a blue or purple cape, blue armor, and Lilith's character is not carrying any form of weapon. In other words, virtually every aspect of Lilith's character is different from either image of Valve's alleged character. And thus, these images cannot plausibly support a claim of copyright infringement.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

9

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

| Valve's Alleged Games<br>DotA and Dota 2 | Lilith's Game<br>Soul Hunters |
|---|---|
| <br>"Lanaya" the Templar Assassin as depicted in DotA and Dota 2<br><br>Lanaya is an elf-like female-ranged hero (depicted as a Night Elf in DotA) who uses psionic magic and assassin fighting techniques to attack her foes.<br><br>Her in-game skills include the abilities to: (1) use ethereal "blades" to slice through target enemies and damage enemy units behind it; (2) "refract" the area around her, enabling her to avoid enemy damage while increasing her damage output; (3) create a "psionic trap" that when sprung hinders enemy movement; and (4) turn invisible. | <br>"Alana" from Soul Hunters<br><br>Alana is an elf-like female-ranged hero who uses magic and assassin fighting techniques to attack her foes<br><br>Her in-game skills include the abilities to: (1) shoot a poison dart that reduces enemy armor and inflicts bonus damage; (2) increases the Physical Attack of her entire team; (3) create a magic shield that blocks enemy attack while recovering energy for herself; and (4) assassinate an enemy target while damaging nearby foes. |

Valve does not make any factual allegations demonstrating that any expressive elements from its alleged character "Lanaya the Templar Assassin" are subject to copyright protection. Similarly, Plaintiffs have only listed in narrative form the alleged special skills that are performed by this character with no factual allegations demonstrating how such skills are expressed. Without making such a demonstration, it cannot be determined whether any alleged copyrightable elements have been plausibly copied. *See Gorski*, 2014 U.S. Dist. LEXIS 97816, at *15-16. For that reason alone, as this Court has already held, this image cannot support a claim of copyright infringement at the pleading stage. (Ct.'s Order Granting Mot. To Dismiss at 7, ECF No. 35.) Further, Plaintiffs have not attempted to allege any facts concerning this character that would satisfy the Ninth Circuit's three-part test for determining whether a character is entitled to copyright protection. (*See id.*) In

10

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS

fact, looking at the images from the unidentified version of DotA and Dota 2, this character appears to be presented in a very different manner even within Valve's own alleged games, which, if anything, demonstrates that the character is not subject to copyright protection. *See DC Comics v. Towle*, 802 F.3d 1012, 1021-22 (9th Cir. 2015). Thus, these images set forth in Exhibit B are insufficient, collectively or individually, to state or support a claim of copyright infringement against Soul Hunters.

While the Court need go no further in its analysis, it is also readily apparent that numerous significant differences exist between the visual depiction of these characters as shown in Exhibit B to the SAC. For example, in addition to having very different names, the following features from Lilith's character are wholly absent from either of the images from Valve's alleged games: Lilith's character is depicted wearing a purple, bikini-type outfit, shoulder armor extending down over the arms, a cap, and is carrying a dagger in one hand and nothing in the other. In other words, virtually every aspect of Lilith's character is different from either image of Valve's alleged character. And thus, these images cannot plausibly support a claim of copyright infringement.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

11

Case No. 3:15-cv-04084-CRB
NOTICE OF MOTION AND MOTION BY DEFENDANT LILITH TO DISMISS SECOND AMENDED COMPLAINT; MEMO IN SUPPORT
876186-v1\DALDMS