1  KARIN G. PAGNANELLI (SBN 174763), kgp@msk.com
   MARC E. MAYER (SBN 190969), mem@msk.com
2  EMILY F. EVITT (SBN 261491), efe@msk.com
   MARK C. HUMPHREY (SBN 291718), mxh@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, CA  90064-1683
   Telephone:  (310) 312-2000
5  Facsimile:   (310) 312-3100

6  Attorneys for Plaintiffs Blizzard
   Entertainment, Inc. and Valve Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| Blizzard Entertainment, Inc., and Valve Corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Lilith Games (Shanghai) Co. Ltd., uCool, Inc., and uCool Ltd., Huwa, Inc., Huwa IP Holding Ltd., and Guo Yao Qi (郭耀琦), a/k/a David Guo,<br><br>　　　　　Defendants. | CASE NO. 3:15-cv-04084-CRB-JSC<br><br>The Honorable Jacqueline Scott Corley<br><br>**ADMINISTRATIVE MOTION OF PLAINTIFFS BLIZZARD ENTERTAINMENT, INC. AND VALVE CORPORATION TO FILE UNDER SEAL EXHIBIT 4 TO DECLARATION OF MARC E. MAYER FILED IN SUPPORT OF JOINT LETTER SEEKING RESOLUTION OF A DISPUTE REGARDING THE LOCATION FOR THE DEPOSITION OF LILITH'S CORPORATE DESIGNEE(S) PURSUANT TO FED. R. CIV. P. 30(B)(6)** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Blizzard Entertainment, Inc. and Valve Corporation (jointly, "Plaintiffs") respectfully request leave to file under seal Exhibit 4 to the Declaration of Marc E. Mayer in support of the parties' Joint Letter Seeking Resolution of a Dispute Regarding the Location for the Deposition of Lilith's Corporate Designee(s) Pursuant to Fed. R. CIV. P. 30(B)(6)). Pursuant to Local Rule 79-5(d)(1), this Administrative Motion is based upon the facts set forth herein, as well as the Declaration of Marc E. Mayer filed in support hereof.

## I. LEGAL STANDARD

Pursuant to Northern District of California Civil Local Rule 79-5(b), documents may not be filed under seal without a court order that authorizes the sealing of the particular document, or portions thereof. The Ninth Circuit has further explained this by holding that "when a party is attempting to keep records attached to a 'non-dispositive' motion under seal, it need only show 'good cause,'" for keeping the records sealed. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir.). "[D]iscovery motion[s] unrelated to the merits of a case," are non-dispositive and documents attached to discovery motions only require "good cause" to be maintained under seal. *Id*. at 1097.

## II. GOOD CAUSE EXISTS TO SEAL THE JOINT EXHIBIT

Plaintiffs seek to have the following document filed under seal:

| Document | Portions To Be Filed Under Seal |
|---|---|
| Exhibit 4 to the Declaration of Marc E. Mayer filed in support of the parties' Joint Letter Seeking Resolution of a Dispute Regarding the Location for the Deposition of Lilith's Corporate Designee(s) Pursuant to Fed. R. Civ. P. 30(b)(6). | The entire document. |

Pursuant to Civil Local Rule 79-5(e), where a party "is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective

order . . . [the] Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential." Here, the entirety of Exhibit 4 has been designated as "Highly Confidential" by Defendant Lilith Games (Shanghai) Co Ltd. ("Lilith"). *See* Declaration of Marc E. Mayer in Support of Administrative Motion to File Under Seal, Ex. 3. As the information in that document has been designated confidential by Lilith only, Plaintiffs understand that, pursuant to Civil Local Rule 79-5(e), Lilith now bears the burden of "fil[ing] a declaration . . . establishing that all of the designated material is sealable." Plaintiffs anticipate that Lilith will do so.

In light of the foregoing, Valve respectfully requests that Exhibit 4 to the Mayer Declaration in support of the Joint Letter Brief be filed under seal, and that it remain under seal.

## III. CONCLUSION

Pursuant to its obligations under Civil Local Rule 79-5, and the protective order entered in this litigation, Plaintiffs hereby request that this Court seal Exhibit 4 upon a proper showing by Lilith. In compliance with Civil Local Rule 79-5, redacted and unredacted versions of Exhibit 4 are being submitted with this motion.

DATED: May 30, 2018   MITCHELL SILBERBERG & KNUPP LLP

By: /s Marc E. Mayer
      Marc E. Mayer
      Attorneys for Plaintiffs Blizzard
      Entertainment, Inc. and Valve Corporation