United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LILITH GAMES (SHANGHAI) CO. LTD., et al.,<br><br>Defendants. | Case No. 15-cv-04084-CRB<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Pursuant to Fed. R. Civ. P. 72(a), Plaintiffs move for relief from a magistrate judge's order denying their motion to compel a 30(b)(6) deposition of Lilith Games in California, rather than Hong Kong. See Disc. Order (dkt. 291). When a party objects to "purely legal determinations" in a non-dispositive discovery order, as here, the district court can modify or set aside the order only if those determinations are "contrary to law." McAdam v. State Nat. Ins. Co., Inc., 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014); Peters v. Cox, 3:15–cv–00472–RCJ–VPC, 2018 WL 2323523, at *1 (D. Nev. May 22, 2018). Such determinations are only contrary to law if the magistrate judge abused her discretion—that is, if she "committed a clear error of judgment in reaching [her] conclusion after weighing the relevant factors." Id. (quoting United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir. 1988)).

The Cadent factors are as follows: (1) "location of counsel for the parties in the forum district"; (2) "the number of corporate representatives a party is seeking to depose"; (3) "the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court"; (4) "whether the persons sought to be deposed often

engage in travel for business purposes"; and (5) "the equities with regard to the nature of the claim and the parties' relationship." Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 629 (C.D. Cal. 2005). The first, second, and fourth factors regard the parties' convenience, and do not weigh particularly heavily here: a plane flight for a few people in one direction or the other is not much of a burden on either side. The third factor regards the court's convenience, and also does not weigh in one direction or another. Plaintiffs have not pointed to any reason taking the deposition in Hong Kong will inconvenience the Court or make disputes any more difficult to resolve.

The only relevant factor, therefore, is the fifth. This is clearly the factor that the magistrate judge had in mind when she pointed out that Plaintiffs initially noticed the deposition in Hong Kong, writing, "The time for Plaintiffs to research the burden and expense of taking depositions in Hong Kong was before they noticed depositions in Hong Kong, not after." Disc. Order. Given that the deposition was originally noticed in Hong Kong, she found that the equities favored Defendants. There is no clear error of judgment here. The motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 12, 2018

CHARLES R. BREYER
United States District Judge